**FILED**
12/5/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

OCT 25 2012

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

GERALD KEEN
PLAINTIFF

VS.

MARCUS HARDY
DARRYL EDWARDS
MED. AKA Tolley
Counsulor Johnson
YVONNE Bishop
MARGARET Thompson
LT. KIRK
WARDEN COleman.

12 C 8582
Judge Amy J. St. Eve
Magistrate Judge Sidney I. Schenkier

**COMPLAINT**

✓  COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 1/2 SECTION 1983
U.S. CODE (STATE, COUNTY, OR MUNICIPAL DEFENDANTS).

—  COMPLAINT UNDER THE CONSTITUTIONAL ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. CODE (FEDERAL DEFENDANTS)

—  OTHER (CITE STATUTE, IF KNOWN)

The PLAINTIFF demands that this case be tried
by a jury ☒ YES or ☐ NO

1. PLAINTIFF(S)
   A. NAME: GERALD KEEN
   B. LIST ALL ALIASES LAMONT, MONTEL, ELIJAH
   C. PRISONER IDENTIFICATION NUMBER N-82920
   D. PLACE OF PRESENT CONFINEMENT STATEVILLE CORR. CTR.

II. DEFENDANT(S):

   A. DEFENDANT: MARCUS HARDY
      TITLE: HEAD WARDEN
      PLACE OF EMPLOYMENT STATEVILLE CORRECTIONAL CENTER

   B. DEFENDANT: TOLLEY
      TITLE: MENTAL HEALTH PHYSICIAN
      PLACE OF EMPLOYMENT STATEVILLE CORRECTIONAL CENTER

   C. DEFENDANT: DARRYLL EDWARDS
      TITLE: WARDEN OF PROGRAMS
      PLACE OF EMPLOYMENT STATEVILLE CORRECTIONAL CENTER

   D. DEFENDANT: A. JOHNSON
      TITLE: COUNSELOR / PLACEMENT OFFICER
      PLACE OF EMPLOYMENT STATEVILLE CORRECTIONAL CENTER

E. DEFENDANT: LT. KIRK

TITLE LEUTENANT

Place of Employment STATEVILLE CORRECTIONAL CENTER

F. DEFENDANT: IVONNE Bishop

TITLE: LEUTENANT

Place of Employment STATEVILLE CORRECTIONAL CENTER

G. DEFENDANT: MARQUETTE Thompson

TITLE: COUNSULOR

Place of Employment STATEVILLE CORRECTIONAL CENTER

III.

A. A. NAME of CASE AND DOCKET NUMBER: DISCRIMINATION 11 C 3777

B. APPROXIMATE date of filing law suit MAY/24, 2011

C. LIST ALL PLAINTIFFS, INCLUDE ALIASAS GERALD REED LAMOUNT

D. LIST ALL DEFENDANTS. MARCUS HARDY, ET, AL

E. Court IN which the lawsuit was filed: UNITED STATES District COURT, EASTERN DIVISION

F. NAME of Judge whom CASE IS ASSIGNED. HONORABLE JAME ZAGEL

G. BASIC Claim MADE. DISCRIMINATION of Disability ACT.

H. Disposition of this CASE. STILL PENDING.

B

A. NAME OF CASE AND DOCKET NUMBER: <u>DELIBERATE INDIFFERENCE</u> 12 C 7265

B. APPROXIMATE DATE OF FILING LAW SUIT: <u>SEPTEMBER 7, 2011</u>

C. LIST ALL PLAINTIFF(S) INCLUDED ALIASES <u>GERALD REED LAMONT</u>

D. LIST ALL DEFENDANTS: <u>WEXFORD HEALTH SOURCE INC. ET AL</u>

E. COURT IN WHICH THE LAWSUIT WAS FILED: <u>UNITED STATES DISTRICT</u>
<u>COURT, EASTERN DIVISION</u>.

7. NAME OF JUDGE WHOM CASE IS ASSIGNED: <u>HONORABLE JAMES B. ZAGEL</u>

G. BASIC CLAIM MADE: <u>DELIBERATE INDIFFERENCE</u>

H. DISPOSITION OF THAT CASE: <u>STILL PENDING</u>

N.

STATEMENT OF CLAIM

1.) On/or about July 14, 2011. I was existing the visiting and Lt. Kirk made a statement. Saying that I would drop that law suit against his friends. I thought nothing of that statement, and proceeding to my living Unit.

2.) Then in August 2011. Lt. Kirk was the Lieutenant in the (Unit 7.) where I was housed. Only on Monday's and Tuesday. When Lt. Berkibier was off. Lt. Kirk would walk pass the cell in which I was placed in, and give me looks that was very scary. Then make intortive comments "seen you can't win this fight, and "We have the last say so in Stateville.

3.) On August 15, 2012. I was existing the cell house to go to afternoon chow (lunch). When I was pulled over and properly searched for contribano by a C/o. And Lt. Kirk stood right in front watching the pat-down. After the search. Lt. Kirk pulled me over and told me if I got anything in my pocket besides my I.D. I was going to segregation. Then stated to turn my ass around. And began to pat my body down for contribano. His pat's were very aggressive and hurting. When I told this

5.

Case: 1:12-cv-08582 Document #: 7 Filed: 11/05/12 Page 6 of 47 PageID #:65

CORRECTIONAL that that hurt. Which he put the leg in which
I was on crutches for. that incident prevent me for comming
out of my living quaters. Unless visits, hospital or classes.

4.)   I then informed my mother about the HARRASSMENTS.
then on August 19, 2011. I WROTE to WARDEN COLEMAN. AND ADDRESS.
En the issue with him. three Days later August 22, 2012.
LT. KIRK CAME to cell 358 7-House. AND MADE A STATEMENT
that we stick together at STATEVILLE. AND now that I really
"Fucked up." AND left the door. After he left. I asked for A
Crisis team member. And the c/o came back to the cell. Saying
LT. KIRK is A Crisis member. He said to come down and
talk with him. I next informed the c/o. I need to see Crisis
Member Mental Health Ms. Tolley.

5.)       After writting Ms. Tolley on Aug. 23rd. Tolley came on
Aug. 25th to 7-House to see me. After coming down to the
office in which she was, LT. KIRK had the Unit on that date
And stood in the door way. When MENTAL HEALTH Mrs. Tolley
then closing the door. LT. KIRK inform. the door could not be
closed, so to prevent from STAFF ASSAULTS. ME AND MRS. TOLLEY
talked and I informed her that I WAS uncomfortable with
talking. And that I'm in fear of my life. I need to talk with
her in person. She informed STAFF to send me to the HEALTH
CARE CENTER. LT. KIRK PREVENTED that from happening.

6.

After that of my finger At the same time. On Aug. 30th. LT. Kirk was standing in the day room Area. Under the tower pointing his finger At me, As though his finger was a gun. And his thumb. pointing up.

6.) Then moments After C/o Holoman told me. that I was getting a cellmate. When I looked up. It was a inmate that alway fighting peoples And he was infected with the HIV virus Plus he was gay. I need at that moment. this was pass Harrassment! I then told the inmate this is not personnal. But we can't live together. And I informed C/o Cones. that I needed to see someone. C/o Cone went down stairs. then came back. with a statement. saying Either let inmate Chooter move in the cell, or go to segregation. I then asked to speak to Sergent Sivers. And informed him that I wanted to go to Protective custody. on August 31. 2011. I was transferred to X-House protective custody.

2.) I then sent another grievence to Warden of Security Mr. Coleman, And I informed of the problems with LT. Kirk which was sent on September 1, 2011 On September 2, 2011. Inmate Richardson was moven out the cell. And Inmate Reje moven in the cell. this inmate has staff assault And is a exscape risk. the moment this inmate stepped in the door he wanted to fight me. About my radio was on. C/o Strther informed him to sit his butt down.

7.

8.) ON SEPTEMBER 5th 2011. INMATE REESE WAS MAKING STATE-MENTS, HOW HE TRIED KILLING THE POLICE, WHEN HE WAS TRYING TO ESCAPE. YELLING IN THE CELL. I COULD NOT GET ANY SLEEP. AND I DID NOT WANT TO FIGHT THIS PERSON.

9.) ON SEPTEMBER 6th 2011. I PUT A SIGN ON THE CELL INFORMING STAFF. THAT I WAS GOING ON A HUNGER STRIKE. SO I COULD GET OUT OF THE CELL WITH THIS PERSON SGT. McMillen INFORMED ME. WE WAS ON LOCK-DOWN. AND THAT HE WILL HELP ME TO GET MOVED. BUT I WOULD HAVE TO WRITE A LETTER TO ADA JOHNSON ( PLACEMENT OFFICER) AND HE WOULD PERSONALLY PUT IT IN HER HAND. WHICH ON SEPTEMBER 7th. I WROTE THE LETTER TO MRS. ADA JOHNSON ABOUT THE THREATS AND I'M REQUESTING TO MOVE. ON SEPTEMBER 8th SGT. McMillen CAME IN EARLY TO GIVE Ms. JOHNSON HER NOTE FROM ME. AND AFTER DOING SO HE INFORMED ME AND MR. REESE. OF WHAT HE HAD DONE.

10.) ON SEPTEMBER 10, 2011. LT. KIRK CAME TO THE CELL DOOR. AND SHOUTED THAT I WAS A STOOL PIGEON. AFTER LETTING THE INMATES OUT FOR RECREATION. I SEEN LT. KIRK TALKING TO REESE AFTER LET-TING OUT FOR RECREATION.

11.) THROUGHOUT THE WEEK. I STAYED OUT OF ANY CONFIRTATION WITH MR. REESE. AVOIDING ANY /AND ALL ARGUMENTS THAT CAME MY WAY FROM SUNDAY til FRIDAY. AFTER THIS INMATE CAME FROM COURT. HE WAS ACTING REALLY FUNNY. TOWARDS ME. SO I STAY OUT OF THE WAY. AND I ASKED TO SEE A CRISIS TEAM MEMBER MRS. TOLLEY

MENTAL HEALTH, THAT THIS INMATE HAD THREATENED MY

LIFE IN THE CELL, AND THAT I NEEDED TO BE MOVED, BEFORE THIS

INMATE CARRIED OUT HIS THREATS.

12.) Mrs. Tolley forward a message to someone, and Mrs. Ada Johnson

about the problem with Kirk and Reese.

13.) ON SEPTEMBER 17, 2011. INMATE REESE RETURNED IN THE CELL

FROM MORNING RECREATION. AS I WAS ON THE PHONE. INMATE REESE

MADE A STATEMENT, THAT (he WAS GOING TO BEAT YOUR OLD ASS) this

INMATE then hit ME UPSIDE MY FACE. KNOCKING ME OUT. WHEN I

CAME TO, this INMATE TOLD ME TO STAY DOWN. BEFORE I COULD

fully COME TO, HE HAD PICKED UP MY CRUTCH AND BEAT ME WITH IT.

I LAID ON THE FLOOR PROTECTING MY HEAD, AND FACE. MOMENTS LATER

the police WAS SPRAYING CHEMICAL AGENT, STOPPING THE INMATE

FROM FURTHER DAMAGING ME. PARAMEDIC WERE CALLED, AND AS I WAS

LAYING ON THE FLOOR, LT. KIRK WALKED UP AND LOOKED IN MY FACE LAUGH-

ING SAYING "O THAT'S him, he's ALRIGHT.". I WAS TAKEN TO THE

hospital AND #.A. EXAMIED MY INJURIES AND ASKED ME DID I

WANT TO PRESS CHARGES. THEN I WAS PUT IN A HOSPITAL ROOM.

14.) LATER THAT DAY, C/O CAME INTO THE HOSPITAL ROOM, AND

HAND CUFFED ME, AND TOOK ME TO SEGREGATION FOR FIGHTING.

I WAS WRITTEN A TICKET BY C/O WALKER. AND WITHIN THAT

DISCIPLINARY TICKET, THE FOLLOWING WAS STATED. INMATE REESE

WAS USING A MEDICIAL CRUTCH AS A WEAPON STRIKING REED. AND

INMATE HAD CONTINUE hitting REED. AND AGNORED THE C/O ORDER.

SEE THE ATTACHED TICKET (DISCIPLINARY REPORT.)

15.) I went to the Adjustment Committee with a statement of fact. Along with the facts of my injuries. And the facts of the Disciplinary report. And LT. Bishop and Thompson found me guilty of fighting.

16) On September 19, 2011. I went to the hospital again to see Doctor William. Because my injuries were so severe. Eye closed, bruises from head til my legs. X-rays was taken on September 21, 2011. And further X-rays was taken on September 23, 2011. Because of constant headaches that would not go away. And everytime I blow my nose. My eyes close up.

17.) On September 23, 2011. Doctor/Mental Health. Mrs. Tolley request to see me. Finding out that I got assaulted. And wanted to asses the matter. Asking me all kind of question³. About have I contact anyone beside I.A. Because I.A. (Internal Affair) called her. Because I informed (Internal Affair % Turner) that I talk to her, Coleman, Sgt McMillen about the threats, and I wrote Coleman, Hardy and Johnson that I need to be moved.

18.) I was given thirty (30) days in segregation. To cover up the facts that they knew about the problems. And did nothing to stop it.

19) I went as far as write to the Department of Justice about the corruption, and Judge Zagel. And Honorable Judge Zagel requested a call with me and him. Which he had received my letter. Some how I did not get the opportunity to talk to Judge James R. Zagel.

20.) I Appears I had family and friends along with lawyer requesting that I be released from seg.

21.) After appealing the facts, the counsulors requested that the ticket be expunged, which was expunged.

The Defendants violected my right of the eight Amendment for Deliberate Indifference. When the Defendants died not safe gaurd my safty. Each defendant turned a blind eye to the plaintiff. Request of moving him out of the cell with a inmate that was threatening. And his threats wasn't taken seriously.

22.) The Defendants in this Deliberately ignored the facts of the plaintiff was in Protective custody. And the Defendants were put on notice of threats and did nothing.

23.) The Defendants went as far as they could to possibly cover up by every angle they could. To not accept the fact that ignoring the letters, and converssations prior to the assault. And for to enforce the cover-up. Made it look like Mr. Reed (plaintiff) was fighting the assaulter, then gave Reed the punishment for 30 days.

24.) These action led the criminal Attorney's that was taken on my criminal case. To think that I was a trouble person. And they ended up dropping the case in December 2011.

25.) Plaintiff is suing the Defendants in their own and individual compacity. Because their action of ignoring the

Rights. As complied by the United States Constitution.

26.) Plaintiff is sueing each Defendant in their Individial capacity for Deliberately Indifference. For agnorizing the safety of a persons life. When clearly they were informed of the threats to Plaintiff's life. Before stopping and doing anything about it. But turned a blind eye, to every conversation, letters and grievence.

27. The Defendant Lt. Kirk has a pattern of beating inmates up. or having someone beat up. By his authority. these actions have been approved by every level of the Administration by disciplining the officer. But Allow him to consistently allow his conduct to by pushed up under the rugg.

28.) Facts will be proven that witnesses over heard Lt. Kirk tell Inmate Reese to assault Reed. At this moment. Plaintiff can not reveal the inmate in fear of putting the person life in danger. This is what the Defendants should have done. But as long as it ain't staff. Most Administrative or staff members don't care about inmates. Most time they bet on who will win when they fight.

29.) These issues have been addressed through due diligence. by grievence process. No response has been forward on (3/20/12) to the Administrative Review Board. Plaintiff has requested four (4) months after the original grievence process. And still no response. from A.R.B.

V. RELIEF.

Plaintiff asking for 100,000 in Damages, 100,000 pain and suffering. Amount of monies the court deem the plaintiff should be awarded for punitive Damages on top of that. Changing the policy of the warden, and/or the placement office can move someone. To give the authority to any correctional official that opportunity, when a threat is stated. Along with filing fees and any and all cost of copies

VI. The plaintiff demands that the case be tried by a jury ☒ yes or ☐ no

CERTIFICATION

By signing this complaint, I certify that the facts stated in this complaint are true to the very best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the court.

Signed this October day of 20th 2012

_Gerald Reed_
(Signature of plaintiff)

GERALD REED
(Print Name)

N-32920
(I.D. Number)

P.O. Box 112
Route 53
Joliet Ill. 60434-0112
(Address)



**Illinois**
**Department of**
**Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434

Telephone: (815) 727 -3607
TDD: (800) 526-0844

# M E M O R A N D U M

M S 130

DATE:      May 1, 2012

TO:        Gerald Reed – N32920
           Unit F-258

FROM:      Anna McBee
           Grievance Office

SUBJECT:   **GRIEVANCE #1246**

The attached grievance is being returned for the following reason:

_____    It needs to be rewritten and submitted to your counselor on the attached
          IDOC Offender's Grievance form.

_____    It was not filed within 60 days of discovery of the incident, occurrence, or
          problem which gives rise to the grievance as required in DR 504F, Grievance
          Procedures for Committed Persons.

_____    Issue needs to be discussed with your counselor for possible resolution.

_____    No issue outlined in grievance.

_____    It appears that no attempt has been made to resolve the issue as required by DR
          504F.

_____    Issue is currently being reviewed by the Office. *You will receive a copy of the
          Grievance and decision when it is completed.

__X__     Issue previously addressed on 3/21/12. No justification for further action.

_____    Other:

cc:     file

## State of Illinois — Department of Corrections Disciplinary Tracking Inmate
## Disciplinary Card

**Name: REED, GERALD**                                                    IDOC # : **N32920**

Transferred In: 1994-04-26          Disciplinary History from 1/1/1998 through 12/13/2011          Living Unit: STA/X /LC/11

| Incident Date Incident/Summ#/Inst. Ticket Type | Offense Codes, Descriptions | | Disciplinary Action |
|---|---|---|---|
| 3/31/2001 200101344/1-STA Minor | 404 Violation Of Rules Comments: Inmate Handbook pg. 18,19. | Guilty | Verbal Reprimand |
| 4/8/2001 200101428/1-STA Major | 206 Intimidation Or Threats 304 Insolence 402 Health,Smoking Or Safety Violations | Not Guilty Not Guilty Guilty | 3 Months Commissary Restriction |
| 9/30/2001 200105186/1-STA Major | 402 Health,Smoking Or Safety Violations 404 Violation Of Rules | Guilty Not Guilty | 1 Months C Grade/Level 3 Months Commissary Restriction |
| 10/28/2002 200204846/1-STA Major | 406 Trading Or Trafficking Comments: Passing notes in library. | Guilty | 2 Months Library Restriction |
| 8/27/2005 200502497/1-STA Major | 202 Damage Or Misuse of Property 404 Violation Of Rules Comments: flushed razor down toilet | Guilty Not Guilty | 2 Months C Grade/Level 10 Days Segregation Other : TIME SERVED 3 Months Commissary Restriction |
| 8/3/2009 200901593/1-STA Major | 202 Damage Or Misuse of Property 305 Theft 403 Disobeying A Direct Order | Guilty Guilty Guilty | 2 Months C Grade/Level 1 Months Segregation Restitution of $ 5.06 Paid to Stateville C. C. IDOC |
| 2/28/2011 201100533/1-STA Major | 308 Contraband/Unauthorized Property Comments: Burnt paper clips. | Guilty | 1 Months C Grade/Level 18 Days Segregation 1 Months Commissary Restriction |
| 7/30/2011 201101604/1-STA Major | 202 Damage Or Misuse of Property Reduced to : 308 Comments: Line hanging in cell | Guilty | 1 Months Commissary Restriction |
| 9/17/2011 201102053/1-STA Major | 301 Fighting | Guilty | 1 Months C Grade/Level 1 Months Segregation 1 Months Commissary Restriction |

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** REED, GERALD | **IDOC Number:** N32920 | **Race:** BLK |
| **Hearing Date/Time:** 9/28/2011  08:52 AM | **Living Unit:** STA-X-LC-11 | **Orientation Status:** N/A |
| **Incident Number:** 201102053/1 - STA | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 9/17/2011 | 201102053/1-STA | WALKER, DAPHINE | X-HOUSE | 12:35 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 301 | Fighting | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

Offender Reed N32920 is present and the IDR is read. Offender Reed submitted a written statement to this Committee that was reviewed and then attached to the IDR.

## BASIS FOR DECISION

1. The OTS housing unit map verifies that Offender Reed N32920 was assigned to Stateville, Unit X-LC-03 on 9/17/2011.
2. The IDR submitted by C/O Walker indicates she witnessed a 10-10 (fight) in progress, that Offender Reed was bent over at the cell door being attacked with a medical crutch by Offender Reese R62423 and that Lt. Shivers utilized chemical agents to stop the fight.
3. C/O Walker indicates that both Offenders were seen by medical staff.
4. Offender Reed was positively identified.
5. After contacting the health care unit staff, this Committee was informed that Offender Reese R62423 was treated for an injury to the head on 9/17/2011 which leads this Committee to believe that both Offenders Reed and Reese were fighting. Therefore this Committee finds Offender Reed N32920 in violation of the written infraction.

## DISCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |

**Basis for Discipline:Nature of Offense**

### Signatures
### Hearing Committee

| | | | |
|---|---|---|---|
| BISHOP, YVONNE E  - Chair Person | | 09/28/11 | BLK |
| | **Signature** | **Date** | **Race** |
| THOMPSON, MARGARET M | | 09/28/11 | WHI |
| | **Signature** | **Date** | **Race** |
| Recommended Action Approved | | | |

## Final Comments:  N/A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** REED, GERALD     **IDOC Number:** N32920     **Race:** BLK

**Hearing Date/Time:** 9/28/2011  08:52 AM     **Living Unit:** STA-X-LC-11     **Orientation Status:** N/A

**Incident Number:** 201102053/1 - STA     **Status:** Final

---

MARCUS  HARDY / LKS  10/6/2011                10/06/11

**Chief Administrative Officer**         **Signature**          **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

NICCOELLE E JACKSON             10/12/2011       01:30 PM

**Employee Serving Copy to Committed Person**      **When Served  - - Date and Time**

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**
Date: 9-17-2011

Stateville
Facility

| Type of Report: | |
|---|---|
| ☐ Disciplinary | ☐ Investigative |

Offender Name: Reese     ID#: R62423

Observation Date: 9-17-2011   Approximate Time: 12 35 ☐ a.m. ☐ p.m.   Location: X-House LC-03

Offense(s): DR 504: 102 Assaulting any Person 104 Dangerous Contraband 301 Fighting 202 Damage or Misuse of Property, 403 Disobeying a Direct Order, 404 #1 and #2 Violation of Rules

Observation: (NOTE Each offense identified above must be substantiated.)

On above date and approx. time. This Reporting Officer c/o D. Walker #7883 witnessed an 10-10 in progress in LC 03 X-House. I/M Reese used an Medical Crutch as an Weapon striking I/M Reed #N32920 several times. I gave inmate Reese an Direct Order to stop. Inmate Reese Ignored the direct order and continue to strike inmate Reed. It wasn't until K3-37 Lt. Shievers sprayed Chemical Agent on inmate Reese to make him stop striking. K3-37 Lt. Shievers gave I/M Reese w direct order to step to the bar of cell and cuff up. I/M Reese cuffed up and was removed from cell. Witness(es): I/M Reese was identified by his state I.D. — end of Report

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| D. Walker | 7883 | W. Walker | 9-17-11 | 2 4 ☐ a.m. ☐ p.m. |

---

**Disciplinary Action:**

Shift Review: ☒ Temporary Confinement   ☐ Investigative Status   Reasons: Nature of Report

| Printed Name and Badge # | Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) | Date |
|---|---|---|
| Major McGee #543 | | 9/17/11 |

Reviewing Officer's Decision: ☐ Confinement reviewed by Reviewing Officer   Comment:

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

| Print Reviewing Officer's Name and Badge # | Reviewing Officer's Signature | Date |
|---|---|---|
| Major Buszinski #680 | Bill | 9-18-11 |

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

| Print Hearing Investigator's Name and Badge # | Hearing Investigator's Signature | Date |
|---|---|---|
| Mr. Lange 2,782 | | 9-18-11 |

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

| Serving Employee (Print Name) | Offender's Signature | Badge # | ID# | Signature |
|---|---|---|---|---|
| C. Jackson | 5092 | | N. Jack | |
| Date Served 9/22/11 | Time Served 1 15 pm ☐ a.m. ☒ p.m. | | | |

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____   ID# _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report _____   Print offender's name _____   ID# _____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

Distribution:   Master File
                Offender
                Facility (2)

Page _____ of _____
Printed on Recycled Paper

DOC 0317 (Rev. 2/2007)

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** REESE, WILLIS      **IDOC Number:** R62423      **Race:** BLK

**Hearing Date/Time:** 9/28/2011  09:00 AM      **Living Unit:** STA-F-01-47      **Orientation Status:** N/A

**Incident Number:** 201102054/1 - STA      **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 9/17/2011 | 201102054/1-STA | WALKER, DAPHINE | X-HOUSE | 12:35 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 102 | Assaulting Any Person - Inmate<br>*Comments:beat Reed M32920 with crutch* | Guilty |
| 104 | Dangerous Contraband<br>*Comments:unsubstantiated* | Not Guilty |
| 202 | Damage Or Misuse of Property | Guilty |
| 301 | Fighting | Guilty |
| 403 | Disobeying A Direct Order | Guilty |
| 404 | Violation Of Rules<br>*Comments:inmate handbook* | Not Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS

Offender Reese R62423 is present and the IDR is read. Offender Reese states when he returned to the cell from the yard, he noticed his stuff had been moved around, so he asked his cellie what happened. States his cellie didn't respond to him, so he asked again. States his cellie then raised up at him, they grabbed each other simultaneously, fell onto the bed and then his cellie hit him in the head with a tray, so he hit him back and commenced to beating his ass with the crutch. States he was treated in the HCU for an injury to the head. States he didn't hear anyone tell him to stop because he was pissed and defending himself. States he was in Unit X-LC-03 during the time and date of incident.

## BASIS FOR DECISION

1. Offender Reese R62423 admits to being in Unit X-LC-03 on 9/17/2011.
2. Offender Reese admits to fighting with his cellmate Reed N32920 on 9/17/2011 and to beating Offender Reed with a crutch.
3. The IDR submitted by C/O Walker indicates that she witnessed a 10-10 (fight) in progress where Offender Reese used a medical crutch as a weapon, striking Offender Reed several times and refused her direct order to stop. Due to Offender Reese's refusal to stop striking Offender Reed with a crutch, Lt. Shivers utilized chemical agents on Offender Reese to make him stop striking Offender Reed to which he (Reese) complied.
4. Offender Reese was positively identified.
5. This Committee reasonably finds Offender Reese R62423 in violation of the written infractions.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |

**Basis for Discipline:nature of offense**

## Signatures
### Hearing Committee

| | | | |
|--|--|--|--|
| BISHOP, YVONNE E  - Chair Person | | 09/28/11 | BLK |
| | Signature | Date | Race |

# STATE OF ILLINOIS DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** REESE, WILLIS | **IDOC Number:** R62423 | **Race:** BLK |
| **Hearing Date/Time:** 9/28/2011  09:00 AM | **Living Unit:** STA-F-01-47 | **Orientation Status:** N/A |
| **Incident Number:** 201102054/1 - STA | **Status:** Final | |

## Signatures
### Hearing Committee

THOMPSON, MARGARET M

| | Signature | Date | Race |
|---|---|---|---|
| | | 09/28/11 | WHI |

Recommended Action Approved

---

**Final Comments:** N/A

---

MARCUS  HARDY / LKS  10/6/2011

| **Chief Administrative Officer** | Signature | 10/06/11 Date |
|---|---|---|

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

NICCOELLE E JACKSON

| **Employee Serving Copy to Committed Person** | 10/12/2011 | 01:30 PM |
|---|---|---|
| | **When Served  - - Date and Time** | |

F114

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: SEPT 23, 2011 | Offender: (Please Print) GERAIN REED | | ID#: N-32920 |
|---|---|---|---|
| Present Facility: STATEVILLE C.C. | | Facility where grievance issue occurred: STATEVILLE C.C. X-LC03/7-1H | GRIEVANCE OFFICE SEP 28 2011 |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☒ Disability
- ☐ HIPAA
- ☒ Other (specify): ASSAULTED

3622

- ☐ Disciplinary Report: 9 / 17 / 2011 on 9/25/11 Recieving A Ticket in 7-House
  Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On September 14, 2011, At Around 12⁰⁰ PM, I was Attacked by cellmate Reese, while in X-House LC-03 cell. On this above date inmate Reese #R-62423, came in From I/ago. While I was on the phone, asking me question why did I move his box & Tiv. which was on the Floor, I canceled the phone, And Apologized (I cleaned the cell Floor). About A minute or two later, inmate Reese hit me with his Fist on the left side of my Face. Choosing me to be dazzed After Admittedly doing that. Inmate Reese put his Arm Around my Neck in a chock hold, I got real dizzy trying to tell Reese, what you're trying to kill me. But could not get All the words out, this inmate Released me And said old man Lay →

**Relief Requested:** I want to be in a cell by myself. And to make sure this Kind of abuse do not happen Again, When someone says he's having a problem with his cell mate, take it serious and move him (& Released From seg)

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Gerald Reed | N-32920 | 9 / 25 / 11 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 12 / 2 / 11

- ☐ Send directly to Grievance Officer
- ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Reese R62423 is now in seglockup and will be there for a while

| P. Butkiewicz | C. Butkiewicz | |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 9 / 29 / 11

Is this determined to be of an emergency nature?
- ☐ Yes; expedite emergency grievance
- ☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Marcus Hardy | 9 / 29 / 11 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper



there and don't move, I turned to go to the door and holler for help. Inmate Reese grabbed my crutch and hit me on the back of my head. knocking me to the floor. I was passing out and out, I looked up, this inmate was beating me with the crutch. I have bruises from my head, arms, thighs and legs. this inmate assaulted me so severe that I refuse to actually sleep or be of any comfort to any inmate in the cell with me, because I scared.

On numerous of times up into this incident occurred on Sept. 6, 2011. I wanted to go on a hunger strike. I went as far as making up a sign and putting it on my door at 9:00 pm to start the hunger strike on the breakfast time. When X-House Sgt. 3/11 shift picked up mail. He informed me that if there was a problem He can help us try to get moved, but did not come until the next day. On Sept 7, 2011. X-House Sgt. 3/11, obtained the letter, I wrote and said he will give it to A. Johnson, Placement officer. On Sept. 8th 2011. Sgt. informed me that he had put the letter in Mrs. A. Johnson hands personally and she maybe moving us real soon.

On Sept. 16, 2011. I had a call pass to see Mental health personnel Mrs. Toller and informed her of the pass threats by Mr. Reese. Mrs. Toller informed me she would send Mrs. Johnson a memo stating my problem with Mr. Reese threats, and if Mr. Reese keep up with the threats, she would write him a ticket and place him in 7 House segregation, the very next day, this inmate Reese assaulted me beat upon my head, legs, and arms with a crutch.

I can't sleep, due to the assault that occurred on Sept. 17, 2011. On top of that I was placed in segregation and charged with (301) fighting and the ticket plainly states Mr. Reed was bent over and inmate Reese attacked him (Reed) with a medical crutch. I should not be in segregation for being attacked. I really can't defended myself, because for one I can barely stand upon my own, due to a broken rod in my right leg and hip.

I will take a lie detector test, confessing the true fact to all of the above, is true and correct to the best of my knowledge.

C/o Walker, C/o Mrs. Carter & Lt. Shrevers will state they never seen me, Reed throw a punch at this individual or do anything to him that they acknowledge on Sept. 17, 2011 3/3 shift.

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 10/18/11 | Offender: (Please Print) GERAIN REED | ID#: N-32920 |

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. X-2C-11 |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: 9 / 12 / 11     Oct 17, 2011 / Summary Judgement 9/28/11
  Date of Report     Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: On October 17, 2011, C/O Walker observed an attack taken place. Inmate Reese #R-62423 was attacking inmate Reed with a crutch. In C/O Walker report, she stated the following that inmate Reed was bent over at the cell bars in X-House lower center cell 3, while being attacked by inmate Reese, nothing in the reporting officers language state that inmate Reed did anything in forcing the usuals fight or fighting. Upon review from the Adjustment Committee Chair Person Yvonne Bishop and Margaret Thompson found inmate Reed guilty. Basically in the whole Factual statement that after investigating the matter. Only at the

Relief Requested: I would like the ticket expunged from my records

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _Gerald Reed_ | N-32920 | 10, 19, 2011 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 12 / 2 / 11     [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Sent to Adjustment committee to address this issue.

| E. Bitticener | _E. Bitten_ | 12 /3 /11 |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: ___ / ___ / ___     Is this determined to be of an emergency nature?     [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | |
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender             Page 1             DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

H.C.U. Documentation of Inmate Reese Medical Records states that W/P. Reese #R62423, had a bruise on his face. Thou the facts could have been a bruise. Upon returning back to X-House, the story to the Matter. Mr. Reese had got into a incident playing basketball. And had the adjustment committee investigated this matter, they would have known that this was not a fight. It was a attack like Ms. Walter stated in her report.

This is a matter, that the adjustment committee did not take the credibility of their own female office observation, and went merely of circumstantial evidence to convict Mr. Reed of a act, that no foundation/or finding should have been found.

The factures that a person should be found guilty of fighting. Should be by clear and convincing evidence. Also if the fact of the matter was a attacker, attack a person the soul purpose isn't to allow the attacker to do death or major injuries to his attacker. This matter should be taken into account, so no-longer a matter as such will prevent major attacks, or injuries to any inmate or staff. And a better safety for well being.

**E. Butkiewicz**
**Correctional Counselor II**
**Stateville Correctional Center**

Date: 12-13-11
To: Reed N32920 x LC11
Subject: Ticket

I found your grievance on the ticket of Sept 17th and will Try to get it expunge from your record.

STATEMENT OF FACTS

Adjustment Committee

To: Chairperson LT. Mrs. Bishop / & counsel (charge "301" fighting

C/o Walker plainly stated in her written report, that inmate Reed #N.32920 was attacked, by inmate Reese #R-62123 which the facts will prove. C/o Walker also went into details about the attack, stating Reed was bent over at the cell door, being attacked with a medical crutch.

At no point, in this report did C/o Walker state Mr. Reed punched, kicked, hit, swang, or swang back or defend himself, from this attacker (on any level of this report. None of the above was stated!

On the date, Sept. 2, 2011, inmate Reese moved in the cell, from threats to his celly. 1C-04), on Sept 6, I wanted to go on a hunger strike due to the threats. X-House Sgt., informed me to not go on a hunger strike, and to write a letter to Mrs. B. Johnson, which on Sept 8th, he put the letter personally in Placement Mrs. Johnson hand. On Sept 16th Crease team member (Mental Health Mrs. Tollel). Was informed of the threats. On Sept 17th. I was on the phone with my grand kid's and their grandmother. When inmate Reese came in from the yard and ask me why I moved his box & T.V., I covered the phone, and told Reese that I cleaned up the cell, and put his box & T.V. back. And a minute/or two later, Reese hit me, when I was not pay/ attention. For I was talking to my grandson. Reese hit me so hard, I can not explain what took place. Next then I new, I was being beat with a crutch across my head, arms, thighs, knee and legs. I heard a voice say/ stop beating him, I later found out it was c/o Walker. "She wrote the ticket. I heard another voice say, I/we're going to kill him, stop beating him with that crutch. I later found out it was c/o Carter after talking to her husband, when I went out for more X-ra/1's that's how I know she witness the attack. Then next LT. Shivers had to use chemical agent to stop him from attacking me. After a

Minute or two, I was taken to the hospital by STRETCHER.

I.A. photographed my Injuries, and Medical Records will show
of all the bruises of my ATTACK.

MR. GERALD REED

I will take a lie Detector Test. To prove what
Actually Accurred.



**Illinois
Department of
Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434

Telephone: (815) 727 -3607
TDD: (800) 526-0844

# M E M O R A N D U M

DATE:    March 20, 2012

TO:      Gerald Reed N32920
         F 258

FROM:    Jerry Baldwin
         Casework Supervisor

SUBJECT: Status of grievances

This is to inform you that grievance dated 10/18/11 regarding IDR 9/17/11 has been received by the Grievance Office and is under review at this time.  Also, grievance dated 8/30/11 regarding staff conduct and other- harassment by staff (submitted as an emergency) was declared not to be an emergency and returned via institutional mail on 9/28/11.

Any further grievance questions shall be forwarded to your respective counselor.

Cc:  file
     Master file
     Counselor Harris



**Illinois
Department of
Corrections**

Pat Quinn
Governor

S. A. Godinez
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 / TDD: (800) 526-0844

# M E M O R A N D U M

XLCll

**DATE:**      November 15, 2011

**TO:**        **INMATE GERALD REED
               N32920       (F-114)**

**FROM:**      Darryl M. Edwards
               Assistant Warden of Programs

**SUBJECT:**   **DISCIPLINE**

This is in response to your letter that you were assaulted and you shouldn't have received discipline. Please be advised that the Adjustment Committee hears from all involved and finds guilt. If you are dissatisfied with the decision you may utilize the Grievance process.

I trust this has been responsive to your inquiry.

DME: dv

cc: Master File N32920
    Chron
    File

MR. WARDEN HARDY

I'm writting t/ou in Regards to talking to you on Sept 22, And seeing t/ou on Sept 23, After getting X-Rays. About being Assaulted with a chitch And this time. I'm in Seg. For (301) charge. And in the ticket. C/o Walker stated I was Attacked by Inmate Reese (#R-62482), while I was beat over. Not onle time has C/o Walker stated that I punched, hzt or fought back. So I should not be charged with a fight wound t/ou Please look into this. And I'm sending you my Grievence About who, I Informed before this Assault happen.

9/25/

MR. GERAID REED #N-32920
7 House 114

9/25/11

Mrs. Tolley

Hello!!

I was wrote a ticket for fighting But the C/O said, that I was bent over, and inmate Reese attacked me, and beat me with a crutch. Now my reason for writting you. I want you to move me in the cell by myself. Until I am able to have a celly again. Please don't move the guy that I'm in the cell with now. (move me) cause I don't want a misunderstanding, and also tell C/O Hardge /or C/O Jackson from the adjustment committee, that I have been complaining about this guy Reese

Mr. Gerald Reed. 7-114 (#N-32920)

P.s. Can I come up and show you the ticket! Call for me

10/3/11

C/o TURNER

I'm WRITTING you IN REGARDS. TO the
ASSAULT that HAPPEN to ME. Plainly C/o WALKER
STATED IN her ticket I WAS BEAT UP ON AND ATTACKED
this INMATE REESE STARTED this AND ENDED this IN
FRONT OF C/o WALKER. I NEVER punch /or hit him AT
ALL. HE STATED HE SUSTAINED A INJURY FROM A fight
WE HAD. Plainly this INMATE IS trying to get out of
the ASSAULT. then you EXPLAINED to ME. I should be
STRAIGHT. I'm STILL IN SEG. Why? Can you Please look
into that FOR ME.

MR. GERALD REED N.32920
7-114

P.S. I ALSO WANT to
put him down AS A FELONY, Due to the threats over
the gallery AT ME.

10/3/11

WARDEN EDWARDS

I'm writting to you in regards to a incident/or should I say, a assault that accured to me on sept 12, and I'm in segregation. The ticket plainly states by C/O Warner that I was beat over, ann inmate Reese beat me repeatly. My request is, I shouldn't be in seg period, because this inmate said we were fighting

MR. GERALD REED N-32920
7-714

P.S. Would you please look into this matter.

9/1/11

WARDEN COLEMAN

I think I'll appropriately
address this grievance to you, Ial hopes
you take this in safety, of Human safety

thank you

Mr. GOLDEN REED

X-House Lower Center 3

Hello

I just currently moved over here to X-House Wens. And as of Friday me and my cell mate now. Been having stand-off. not fight which I'm trying to avoid. Last nite I wanted to go on a hunger-strike, and the Sgt. said it would not be a good ideal, so I pull back. And talk with him today. But just stayed out of my room-mate way. And layed in the bed. So I'm asking you to please move me, I'm not a trouble maker. I'm also back work on my case. Reading my word. And trying my best to go home real soon.

Dear A.R.B. Office                                    July/21,2012

I'm writting in Regard to A

Follow. up to #1 A Expungement, One One
part of the grievence, But in part no
respond. Grievence # 3672 Dated Sept. 28, 2011
And Grievence # 4426 Dated Dec. 12, 2011.
I've been currently Awaiting the
Response, Due to constant Harrassment by
staff. upon the 4426 issue. And I feel
As though this should be looked into. I've
written U.S. Justice Department. To Judge
Zagel About this on-going problem.
So would you Please look into both
these issues. And respond back with me
          Sincerly Mr. Gerald Reed #N32920


Also would i/an forward this other letter
to M/s. Lisa Weterkamp. Freedom of Information
office

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Disciplinary Report**

vpe of Report:
[X] Disciplinary   [ ] Investigative

Facility: Stateville

Date: 9-17-2011

Offender Name: Reed                    ID #: N32920

Observation Date: 9-17-2011   Approximate Time: 12:35 [ ] a.m. [X] p.m.   Location: X-House Lower Center 03

Offense(s): DR 504: 301 Fighting

Observation: (NOTE: Each offense identified above must be substantiated.) On above date and approx. time, This Reporting Officer c/o D. Walker #7883 witnessed an 10-10 in progress in cell LC 03 X-House. Inmate Reed was bented over at the cell door being attacked with an Medical Crutch by inmate Reese # R62423. This Reporting Officer called an 10-10 and DW. K3-37 LT. Shiever used Chemical Agent to stop fight. Both inmate was seen by Medical Staff and removed from cell. Inmate Reed was identified by his state I.D. K3-6 Major McGarvey was informed.

End of Report

Witness(es): _____

[ ] Check if Offender Disciplinary Continuation Page, DOC 0318 is attached to describe additional facts, observations or witnesses.

| D. Walker | 7883 | W. Walff | 9-17-11 | 2:10 [ ] a.m. [ ] p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

Shift Review: [X] Temporary Confinement   [ ] Investigative Status   Reasons: Nature of Report

Major E. McGa___ #543
Printed Name and Badge #

Shift Supervisor's Signature   Date 9/17/4
(For Transition Centers, Chief Administrative Officer)

Reviewing Officer's Decision: [ ] Confinement reviewed by Reviewing Officer   Comment: _____

[X] Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
[ ] Minor Infraction, submitted to Program Unit

Major K. Vasker 713          Reviewing Officer's Signature          9-18-11
Print Reviewing Officer's Name and Badge #                           Date

[X] Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

N. Jackson   S092          N. Jack          9/18/11
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

[X] Check if offender refused to sign

N. Jackson          Offender's Signature          ID# _____
Serving Employee (Print Name)

S092   9/25/11   10:55 a.m. [ ] a.m. [ ] p.m.          Signature
Badge #   Date Served   Time Served

[ ] I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____   ID# _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Harold Reed          N32920
Date of Disciplinary Report   Print offender's name   ID#

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

F114

| Date: 8/30/11 | Offender: (Please Print) GERALD REED | ID#: N-32920 |
|---|---|---|

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE UNIT 7 Cell 60 |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify) STA# 36123

GRIEVANCE OFFICE
SEP 23 2011

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On Aug. 22, 2011, I was going to chow in Unit 7 at around 11ᵃᵐ am. and I was informed by Lt. Kirk to step out of line, because I was moving to slow. As he knows, my movement is slow, due because of my ability to walk around with a crutch. As I was held to the side, Lt. Kirk assigned to this Unit (7) on Aug 22, stated that he dont care about my disability, keep up with the damn line, or stay in my cell. This Lt. have been making comments un-professional about me since Sept 2010 transfer to D-house unit, when Kirk was a C/O. and I informed him that I didn't have a mattress, which led to me sleeping on this bare steel bunk, until the next day, when I asked C/O Curley for a chris.

**Relief Requested:** that this person be disciplined for these action, and I want be no where in contact with this persal. or retaliated against me for bringing this to the administration attention by transferring me

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Gerald Reed | N-32920 | 9, 1, 11 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: 2 / 22 / 12     [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The Lt and C/O denied this ever happened in 7-House

| F. Bot Keeper | E. Pth | 2 / 22 / 12 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

team member, from that moment Kilk came up and informed me that he was 4 crisis team member and I informed him, I need a mattress today. I can't go another day without one, his statement was (when we get some in, you will get one then. I then requested mental health employee (RN Kelley) which she documented the incident and gave me a hospital mattress.

Sometime after that, I've been getting harassed by other and this person on numixorous accassion's by this LT. And on Aug 30th this LT. was in Unit 7 on this date, and stared in my direction for about 10 minutes, making comments which I could not understand due to the loud noise in that cell house. And pointing his trigger finger at me. Moments later, C/o Holdman informed me I had to move to cell 343 and 343 was next to 358. Hip Hopping.

I'm fearful of these action's with this person, It's getting to the point where it so scary, that I don't Know what next will accure.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 10/18/11 | Offender: (Please Print) GERAIN REED | GRIEVANCE OFFICE |
|---|---|---|
| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. | APR 27 2012 |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: 9 / 17 / 11    OCT. 17, 2011 / SUMMARY Judgement 9/28/11
  Date of Report                                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On October 17, 2011. C/o Walker observed an attack taken place. Inmate Reese #R-62423 was attacking Inmate Reed with a crutch. In C/o Walker report she stated the following, that Inmate Reed was bent over at the cell bars in X-House lower center cell 3. While being attacked by Inmate Reese, Nothing in the reporting officers language, state that Inmate Reed did anything in forcing the users fight, or fighting. Upon Review from the Adjustment committee, Chair person Yvonne Bishop and Margaret Thompson. Found Inmate Reed guilty. Basically on the none factual enactment. That After Investigating the Matter. Only at the

Relief Requested: I would like the ticket Expunged from my Records

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Gerald Reed                          N-30920      10, 19, 2011
Offender's Signature                    ID#              Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |
|---|
| Date Received: 12 / 2 / 11    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: Sent to ~~the~~ grievance office ~~to~~ the to address this issue. |
| E. Bitkiewicz    E. Bit    12 / 13 / 11 |
| Print Counselor's Name    Counselor's Signature    Date of Response |

H.C.U. Documentation of Inmate Reese Medical Records states that I/M Reese #R62423, had a bruise on his face. Thou the facts could have been a bruise. Upon Returning back to X-House  story to the Matter. Mr. Reese had got into a incident playing basketball. And had the adjustment committee investigated this matter, they would have known that this was not a fight. It was a attack like C/O Walter Stated in her Report.

This is a matter, that the adjustment committee did not take the credibility of their own female office observation, and went merely of circumstantial evidence to convict Mr. Reed of a act, that no foundation/or finding should have been found.

The facilities that a person should be found guilty of fighting should be by clear and convincing evidence. Also if the fact of the matter, was a attacker, attack a person the soul purpose isn't to allow the attacker to do death or major injuries to his attacker. this matter should be taken into account, so no-longer a matter as such will prevent major attacks, or injuries to any inmate or staff. And a better safety for well being.

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 10/18/11 | Offender: (Please Print) GERAIN REED | ID#: N-32920 |
|---|---|---|
| Present/Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. X-2C-11 | GRIEVANCE OFFICE |

**NATURE OF GRIEVANCE:**

APR 27 2012
STA # 1230

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: 9 / 12 / 11    Oct. 17, 2011 / Summary Judgement 9/28/11
     Date of Report      Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On October 17, 2011. C/o Walker observed an attack taken place. Inmate Reese #R-62423 was attacking inmate Reed with a clutch. In C/o Walker report, she stated the following, that inmate Reed was bent over at the cell bars in X-House lower center cell 3. While being attacked by inmate Reese, nothing in the reporting officers language, state that inmate Reed died anything in forcing the usual fight, or fighting. Upon review from the adjustment committee, Chair person Yvonne Bishop and Margarett Thompson found inmate Reed guilty. Basically on the none factual inactment, that after investigating the matter. Only at the

Relief Requested: I would like the ticket expunged from my records

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Gerald Reed _____ Offender's Signature     N-32920     10, 19, 2011
    ID#     Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: 12 / 2 / 11 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Sent to Adjustment committee to address this issue.

Received
APR 2012
Adjustment
Committee

E. Bitkiewicz _____     E. Bitkiewicz _____     12 / 13 / 11
Print Counselor's Name     Counselor's Signature     Date of Response

**OFFENDER'S GRIEVANCE** (Continued)

H.C.U. Documentation of inmate Reese medical records states that w/p. Reese #R1/24/23, had a bruise on his face, then the facts could have been a bruise, Upon returning back to X-House the story to the matter. Mr. Reese had got into a incident plays basketball. And had the adjustment committee investigated this matter, they would have known that this was not a fight. It was a attack like c/o Walter stated in her report.

This is a matter that the adjustment committee did not take the credibility of their own female office observation, and went merely off circumstantial evidence to convict Mr. Reese of a act, that no foundation for finding should have been found.

The factures that a person should be found guilty of fighting, should be by clear and convincing evidence. Also if the facts of the matter was a attacker, attack a person the soul purpose isn't to allow the attacker to do death or major injuries to his attacker, this matter should be taken into account, so no-longer a matter as such will prevent major attacks, or injuries to any inmate or staff. And a better safety for well being.

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

X-LC-11

| Date: 12/8/11 | Offender: (Please Print) GERALD REED | ID#: N-32920 |
|---|---|---|

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE (GRIEVANCE OFFICE) |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility

- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [x] Disability
- [ ] HIPAA
- [ ] Other (specify):

DEC 12 2011

4426

- [x] Disciplinary Report: #9 17 11    ON 9/28/11
  Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the following dates 8/30/11 and 9/23/11. Two separate Grievance was written, in regards to staff misconduct and assault. the emergency grievance of misconduct of staff member Lt. Kirk of harassment on September 30, 2011, Warden Hardy informed me that the grievance was not a emergency, I then process that grievance to c/o 1-House counselor Dyer, requesting the grievance back as (first stage grievance from counselor, through counselor process are (14) days, due negligent and competent counsel. On grievance dated 9/23/11, I wrote a grievance based on a assault from September 17, 2011. Emergency process was requested and also sent to Warden Hardy, and sent back on September 30, 2011 (back →

**Relief Requested:** I want copies of grievances signed, and staff should not allow this process to take this long. And follow administrative rules and process, as they apply to the rules and regulation.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Gerald Reed | N-32920 | 12, 8, 11 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

**EMERGENCY REVIEW**

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Also with the Harassment Grievance Marked saying it was not a Emergency. I in turn gave the two grievances to C/O / Counselor Dyer. And I have been requesting that Mr. Dyer forward the grievance back to me. No response to the grievance has been afforded to, since giving it to him on October 7, 2011. I, Gerald Reed requested to this matter to be looked into by Case Worker Supervisor Stan, Warden Hardy, and Major Niles. And on November 15, 2011, Warden D. Edwards responded to a request, stating if I did not agree with the Adjustment Committee decision, I would have to grievance it, which I grievanced the Adjustment Committee decision on October 2011. And the day before C/O / Counselor Winter reassigned to be a Correctional Officer, I gave it to him. But as of October 2011 Counselor EO Butker-wietz has been assigned to that assignment. Which I haven't gotten a response yet. I feel as through the First Stage Process is not being meet, or properly administered to, and I am forwarding these issue within this grievance once again through the Emergency process.

1.) Grievance of Harassment b/ Lt. York (dated 5/30/11) stamped
2.) Grievance of being in segregation status upon be assaulted (dated 9/23/11) stamped
3.) Grievance of Adjustment Committee decision, of guilty of a fight (dated 9/27/11) un stamped

The Due Process are being violated, by staff members and the job performance of the staff, are not conduct at a professional level. So this grievance is asking the Head Administrative to conduct these responsibility.

#258

**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

ILLINOIS DEPARTMENT OF CORRECTIONS

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 3/19/12 | **Date of Review:** 3/21/12 | **Grievance #** (optional): 876 |

**Committed Person:** **Gerald Reed** _____ ID#: N32920

**Nature of Grievance:** DR – 2011020531-STA (timely filed)

**Facts Reviewed:** *Grievant was issued a DR for 301 on 9/17/11 and was found guilty and received one month c grade, segregation and commissary restriction. He wants the disciplinary report expunged.*

*Grievance Officer finds that after a review of all relative documentation, including the disciplinary report issued to Offender Reese, R62423, the disciplinary report dated 9/17/11 should be expunged from Offender Reed's record. Grievance Officer finds that it is clear in both disciplinary reports for this incident, that grievant was attacked by Offender Reese with a crutch. Offender Reese was found guilty of assault, damage misuse of property, fighting and disobeying a direct order.*

**Recommendation:** *Based upon a total review of all available information, it is recommended that disciplinary report dated 9/17/11 be EXPUNGED.*

_____
**Anna McBee, CCII**
Print Grievance Officer's Name

_Anna McBee_
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 3/22/12 | ☐ I concur ☑ I do not concur | ☐ Remand |
| Comments: | | |

_Marcus Hardy_
Chief Administrative Officer's Signature          3/22/12
Date

RECEIVED

OCT 2 5 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT