

**FILED**
10/31/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
Jul 29, 2013
JUL 2 9 2013    MB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

*MR. GERALD REED*

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

*MARCUS HARDY, P. KIRK
COLEMAN, D. EDWARDS
Bishop, thompson, Tolley
A. Johnson.*

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: *12 C 8582*
(To be supplied by the Clerk of this Court)

*Presiding Judge:
Honorable JAMES B. ZAGEL*

*SUPPLEMENTAL Complaint /
AMENDED Complaint
Deliberate Indifference Safety AND
Protection*

**CHECK ONE ONLY:**

   ✓     COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
          U.S. Code (state, county, or municipal defendants)

_____          COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
          28 SECTION 1331 U.S. Code (federal defendants)

_____          OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A.    Name: _MR. GERAIN REED_

   B.    List all aliases: _LAMONT, ELIJAH_

   C.    Prisoner identification number: _N.32920_

   D.    Place of present confinement: _STATEVILLE COR. CENTER_

   E.    Address: _P.O. Box 112, JOLIET ILL. 60434-0112_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A.    Defendant: _MARCUS HARDY_

          Title: _WARDEN - FORMER_

          Place of Employment: _STATEVILLE C.C._

   B.    Defendant: _COLEMAN_

          Title: _WARDEN - FORMER OF SECURITY_

          Place of Employment: _STATEVILLE C.C._

   C.    Defendant: _PERRY KICK_

          Title: _LEUTENTANT_

          Place of Employment: _STATEVILLE C.C._

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. DEFENDANT: WARDEN EDWARDS

   TITLE: FORMER WARDEN

   PLACE OF EMPLOYMENT: STATEVILLE CORR. CENTER

E. DEF.: ADA JOHNSON

   TITLE: FORMER PLACEMENT PERSONNAL OFFICER

   PLACE OF EMPLOYMENT: STATEVILLE CORR. CENTER

4. DEFENDANT: Ms. Tolley

   TITLE: MENTAL HEALTH PERSONNAL

   PLACE OF EMPLOYMENT: STATEVILLE CORR. CENTER.

G. DEFENDANT: Ms. Bishop

   TITLE: LUETENANT / FORMER ADJUSTMENT COMM. Chairperson

   PLACE OF EMPLOYMENT: STATEVILLE

H. DEFENDANT: Mrs. Thompson

   TITLE: Counsulor

   PLACE OF EMPLOYMENT: STATEVILLE CORR. CENTER

I. DEFENDANT:

   TITLE:

   PLACE OF EMPLOYMENT:

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _11 C 3777_
_DISCRIMINATION_

B. Approximate date of filing lawsuit: _October 14, 2011_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _GERALD REED only plaintiff_

D. List all defendants: _MARCUS HARDY, JOE EL CARNACION, CLARENCE WRIGHT, CHARLES DOWNS AND EDWARD DAVILLE._

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _NORTHERN DIST OF ILLINOIS (COOK)_

F. Name of judge to whom case was assigned: _N/R. HONORABLE Judge JAMES B. ZAGEL_

G. Basic claim made: _DISCRIMINATION VIOLATION OF OUTSIDE EXERCISE AND DENIAL OF RELIGIOUS SERVICE, to EXERCISE FAITH_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _STILL PENDING_

I. Approximate date of disposition: _MAY 7, 2012_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

A. NAME OF CASE AND DOCKET NUMBER: <u>DELIBERATE INDIFFERENCE</u>
   <u>12 C 7265</u>

B. APPROXIMATE DATE OF FILING LAWSUIT: <u>SEPTEMBER 11, 2012</u>

C. LIST ALL PLAINT (IF YOU HAVE CO-PLAINTS) INCLUDING ANY ALIASES:
   <u>NONE</u>

D. LIST ALL DEFENDANT: <u>WEST FORD Health SOURCE Inc.</u>
   <u>Ghosh</u>

E. COURT IN WHICH THE LAWSUIT WAS FILED (IF FEDERAL COURT,
   NAME THE DISTRICT; IF STATE COURT, NAME THE COUNTY):
   <u>NORTHERN DISTRICT OF ILLINOIS    (COOK)</u>

F. NAME OF JUDGE TO WHOM CASE WAS ASSIGNED: <u>HONORABLE</u>
   <u>JAMES B. ZAGEL</u>

G. BASIC CLAIM MADE: <u>DELIBERATE INDIFFERENCE OF MEDICAL</u>

H. DISPOSITION OF THE CASE (FOR EXAMPLE: WAS THE CASE DISMISSED?
   WAS IT APPEALED? IS IT STILL PENDING? <u>STILL PENDING</u>

I. APPROXIMATE DATE OF DISPOSITION    <u>NONE</u>

5

## IV.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

① On/or About July 14, 2011. Plaintiff was existing the visiting Room at Stateville Correctional Center. In Joliet Ill. Reed was approached by Lt. Kirk with a statement with regards to a current complaint. (Discrimination) filed against Lt. Kirk co-workers and friends. After Plaintiff not saying a comment, with regards to that statement, he requested to go back to his living unit, which the defendant Lt. Kirk esculated everybале. But Plaintiff to their unit.

② The very next time Plaintiff encountered with this person Lt. Kirk was August. 2011. Lt. Kirk was working a assignment in Unit (7) At Stateville C.C. where Plaintiff was housed and Lt. Kirk was filling in for the leutentiant on his off days. (Monday's and Tuesday's). When Lt. Berbier was off. On these days Lt. Kirk would walk pass the cell where Plaintiff resides and would give Reed (Plaintiff) nasty looks. that was very scary and threatful. then would make interrogitive comments toward Plaintiff. (Reed you can't win, this fight, and we here at Stateville stick together".

5

Revised 9/2007

③ On August 15, 2012. Plaintiff was existing the cell. (Unit 7)
to attend afternoon lunch. When he was pulled over by c/o's
to be properly searched for contraband, and at that moment
(No) contraband was discovered, while Lt. Kirk overseen the
whole process, that c/o's patted Plaintiff down. After that search
Lt. Kirk, pulled Plaintiff over second's later. And told him if
he had anything. But his I.D. on him, that he would walk
Plaintiff to segregation. then told Plaintiff to turn around and
began to pat Plaintiff pockets, legs and arms. Lt. Kirk was very
aggressive with his shake down. seeing that Plaintiff was on
crutches. Kirk hit Plaintiff leg real hard. And when Plaintiff
explained to Lt. Kirk that that hurt. Lt. Kirk then applied a
more forceful press to Plaintiff's injury see exhibit (A)

④ That encounter/and incident prevented Plaintiff from comm-
ing out of his room. Due to the constant. harrassments and
verbal threats by staff at Stateville. Plaintiff was already/dealing
with suffering pain from a broken rod in his leg. and hip. And
that alone cause him stress and constant undue pain. that
also had him with the uses of crutches to get around see ex. (A & B)

⑤ Plaintiff then informed his mother (Armanda Shackelford)
about the threats by Lt. Kirk. And then wrote a grievance to
warden of security (Mr. Coleman) see ex. (A) and address
the facts that Lt. Kirk conduct was very unprofessional

6

THREE DAYS AFTER PLAINTIFF WROTE THE GRIEVANCE ON AUG. 22, 2011 LT. KIRK CAME TO THE UNIT, AND TO THE CELL IN WHICH PLAINTIFF WAS PRESIDING (CELL 358) AND MADE THE STATEMENT, "WE STICK TOGETHER HERE AT STATEVILLE, AND THAT PLAINTIFF FU---ED UP). AND LT. KIRK WALKED AWAY FROM THE DOOR. MOMENT LATER 3 GALLERY CORR. OFFICER WAS MAKING ROUNDS. AND PLAINTIFF ASKED FOR A CRISIS TEAM MEMBER.

Ⓒ THAT C/O CAME BACK TO PLAINTIFF'S CELL AND INFORMED HE THAT LT. KIRK THE CRISIS TEAM MEMBER SAID TO COME DOWN AND SEE HIM AT THE LT. OFFICER. WHICH PLAINTIFF PROBLEM WAS AGAINST HIM. PLAINTIFF TOLD C/O THAT HE WANTED TO SEE A MENTAL HEALTH CRISIS TEAM MEMBER. AND NOT WANTED TO SEE LT. KIRK.

Ⓝ AFTER A MENTAL HEALTH CRISIS TEAM MEMBER HAD NOT CAME TO SEE REED, HE WROTE TO MENTAL HEALTH PERSONNEL MRS. TOLLEY. ON AUG. 23RD 2011. MRS. TOLLEY CAME TO VISIT PLAINTIFF ON AUG. 25TH 2011. AT UNIT 4. HOUSE. REQUESTING A ONE ON ONE TALK WITH REED. ON THAT DATE AUG 25TH 2011 LT. KIRK WAS THE STAND-IN LIEUTENANT. AND STOOD IN THE DOOR WAY PREVENT A PRIVATE CONVERSATION. WITH THIS MENTAL HEALTH PERSONNEL.

Ⓢ WHEN MENTAL HEALTH PERSON MRS. TOLLEY STARED CLOSING THE DOOR FOR PRIVENCY. MRS. TOLLEY WAS TOLD BY LT. KIRK SHE COULD NOT CLOSE THE MEDICAL DOOR. PLAINTIFF AND TOLLEY TALKED ABOUT THE THREATS AND THE HARRASSMENT BY LT. KIRK. AND THAT MADE PLAINTIFF IN FEAR OF HIS LIFE. PLAINTIFF NOW THAT BY LT. KIRK LISTENING TO HIS CONFIDENTIAL TALK TO MENTAL HEALTH. SHOW'S THAT KIRK WAS MAD AND LOOKING AT MRS. TOLLEY AND PLAINTIFF WITH THIS NASTY LOOK.

Ⓣ MRS. TOLLEY INFORMED STAFF AT UNIT 4. TO SEND PLAINTIFF TO THE HEATH CARE UNIT. LT. KIRK PREVENTED THAT FROM TAKEN PLACE AND PLAINTIFF LEAVING THE UNIT. THEN LT. KIRK TO C/O TO ESCORT REED BACK TO HIS CELL.

10.) Plaintiff then went back to his cell and wrote a grievence about the conduct of the Defendant, stating the grievence is a emergency matter, that should be considered emergency. See Ex.(B) asking that his (Lt.Kirk) supervisor look into this matter see Ex.(D)

11.) On August 30, 2011. Defendant (Lt. Kirk) stood under the gun tower directly in front of Plaintiff cell. and pointed at Plaintiff with his trigger finger, as though he was firing a gun at Plaintiff. Plaintiff watched in fear that it was a threat to his well being.

12.) Moments after c/o Holoman told Plaintiff. that he was getting a cellmate, and when Plaintiff looked at who this person was. Plaintiff seen this person alway fighting and going to segregation, and on top of those facts. the person was gay. And if this person has the virus. Plaintiff could plainly recieve it through fighting blood shedd.

13.) Plaintiff stood in the door way as Lt.Kirk called this inmate down to the Lt. officer And seconds later c/o Holoman informed Plaintiff of the cell change.

14.) Plaintiff now from the facts, this was pass harrassment And intimidared threats. Plaintiff informed c/o Holoman that him and the inmate can not live together, this c/o left And c/o comes gave Plaintiff a direct order to allow that inmate to move in/or that Plaintiff would be placed in segregation.

15.) Plaintiff asked to speak with sergent Sivers. And informed this sergent of the problem with Lt. Kirk. And need to be in a safe place. And that was protective custody. And on August 31, 2011. Plaintiff was place in X-House protective custody. A day after he requested. But due to Lt. Kirk not processing this matter over it delays the process.

16.) On Sep... addressing to warden coleman of security and head warden Harry too clerks. After being in the cell with Mr. Richardson. then on September 2, 2011 he was moved next door. And inmate Reese a well known assaulter and escape risk moved in. see ex (B) & (T)

17.) this this same day Sept. 2, 2011. After not finishing moving in. (Reese) wanted to fight. because Reese (Plaintiff) had his radio on low. saying that he wanted peace and quiet in the cell. c/o strither informed this inmate to sit down.

18.) On Sept. 5, 2011, inmate Reese was making statements in the cell to plaintiff. How he tried escaping. And how he would not let anything or anybody get in his way. inmate Reese would be yelling in the cell while he worked out. preventing plaintiff from sleeping. Plaintiff endured everything that this inmate through at him, to prevent from fighting. him.

19.) Plaintiff wrote out a sign on Sept. 6, 2011. informing staff, that he was on a hunger strike. to get out of the cell with this inmate. to prevent any further this understanding. with this person and to avoid fighting. sergent McMillen informed plaintiff that he understood the problems with inmate Reese. And because the prison is on lock-down. either one of us can not be moved. But Sgt. McMillen requested plaintiff and Mr. Reese to write a letter to Mrs. Anda Johnson (placement officer). that both of us aren't getting along and request to be moved. And Sgt. McMillen would personally put the letters in Mrs. Johnson hands, see ex (E)

20.) Sergent McMillen tried everything in his power to assist in this matter. He came to work early to talk and give Mrs. Johnson her letters from plaintiff and explain how he heard the threats by Reese. And would Mrs. Johnson move one of them.

9

21.) On September 10, 2011, Lt. Kirk came to the cell that Plaintiff presides. And shouted loud in the cell that Plaintiff was a stool pigeon. Moments later the unit was let out for recreation. And inmate Reese went to Yard/Outside exercise.

22.) On that same date 11/10/11. Witness Mr. Morgan overheard Lt. Kirk tell Reese how was he getting along with Plaintiff. And to beat Reed up. See Exhibit (M) Mr. Morgan Affidavit of the conversation he heard Lt. Kirk tell Reese.

23.) Throughout the week. Plaintiff avoided Mr. Reese. Everytime Reese tried to start a confrotation. Avoiding argument that accured each day, Sunday thru Friday. That Friday after Reese came from court he so frustrated. It made the problems more frustrated.

24.) Plaintiff wrote a letter to CMST's team member (Mental Health) Mrs. Tolley. Informing her of the threats again on his life by Reese. And requested to be moved out of the cell from this person before the threats be put into action. See Exhibit (C)

25.) On Sept 14, 2011. Plaintiff was seen by Tolley. And explained the problems with staff threats and the threats by inmate Reese, and asked her to look into this matter. See Ex. (K) Ms. Tolley said. He just want a single cell. And I'm not giving him one.

26.) On Sept 17, 2011. Inmate Reese returned in from merning outside exercise. When Plaintiff was on the phone with family. And Reese made the statement. ( He was going to beat Plaintiff's Ass ). This inmate hit Plaintiff's in the face. Knocking him out. When Plaintiff came to. Reese was standing over Plaintiff, telling him to stay down on the ground. Before Plaintiff knew it. Reese was beating Plaintiff with Plaintiff's crutch. See Ex. (R). The disciplinary report by Correctional officer Ms. Walker. See Ex's (S.1, S.2 and T)

10

27.) INMATE REESE SEVERLY BEAT PLAINTIFF SO BAD. THAT WHEN THE CORRECTIONAL OFFICER'S ARRIVED, they HAD to USE CHEMICAL SPRAY AGENT to force him to stop from doing further DAMAGE to PLAINTIFF. SEE EX. (R-2)

28.) PARAMEDIC WERE CALLED, AND PLAINTIFF LAYED ON the GROUND bleeding from head to his legs. WHEN LT. KRICK WALKED up laughing saying "O that's him, he's ALRIGHT," PLAINTIFF WAS ESCORTED by STRETCHER to STATEVILLE HEALTH SERVICE. PLAINTIFF has BRUISES throughout his body. AND PUT IN the HOSPITAL ROOM. SEE EX. (R-2)

29.) PLAINTIFF AFTER LAYING IN the MEDICAL ROOM BED, for A couple of hours. WAS TRANSFERRED to SEGREGATION for fighting. No where in the DISCIPLINARY REPORT that MS. WALKER OBSERVED PLAINTIFF fight-ing with REESE. SEE EX. (R-2), EX. (O)

30.) PLAINTIFF EXPLAINED to the ADJUSTMENT COMMITTEE ABOUT how he WAS ASSAULTED, AND that the DISCIPLINARY REPORT CONFIRMS the facts that PLAINTIFF WAS ASSAULTED. AND CHAIRPERSON BISHOP AND THOMPSON HAD NOT INVESTIGATED/OR TAKEN INTO CONSIDERATION the EVIDENCE the facts NOR the CORRECTIONAL OFFICER ACCOUNT of the ASSAULT. SEE EXHIBIT (Q)

31.) ON SEPT. 19, 2011, PLAINTIFF WAS ESCORTED to the EMERGENCY ROOM. DUE to INJURIES to his FACE AND NOSE. CAUSE PLAINTIFF EYE's to be CLOSED, from the SWOLLEN of his NOSE. DOCTOR WILLIAMS EXAMINED PLAINTIFF BRUISES. AND found that PLAINTIFF HAD BRUISES FROM his head to his legs, ARM AND KNEE's. SEE EXHIBITS (R-2)

32.) ON SEPT. 21, 2011. PLAINTIFF WENT OUT of STATEVILLE C.C. AND TRANSFERRED to NRC MEDICAL CENTER, for X-RAYS. then ON SEPT. 28, 2011 PLAINTIFF WAS SENT BACK OUT for further X-RAY. BECAUSE the INJURIES WERE VERY SEVER. EVERYTIME PLAINTIFF blow his NOSE his EYE's WAS COMPLETELY CLOSED.

33) On 11/23/2011 plaintiff was informed to go over to the statevile hospital. to see Mental Health Mrs. Tolley. Crisis team member Mrs. Tolley requested to see plaintiff to check out how bad his injury was, and wanted to investigate at what occured to plaintiff see exhibit ( L ). Ms. Tolley report. Questionsing plaintiff about what happen. If Mrs. Tolley would have properly investigated the fact she could have prevent this assault.

34) After that interview clearly Ms. Tolley covered up her fumbling the ball. and back tracked. Because after the assalt. she took plaintiff off her case load. plaintiff requested to see Mrs. Tolley. And everytimes Mrs. Tolley seen plaintiff she avoided him. plaintiff was assigned Mrs. Hart from that moment.

35) Plaintiff had informed (Internal Affair % Turner) about investigating the matter. see exhibit ( P ) explaining the following peoples, plaintiff had informed about the threats, before the assault accured. warden coleman, Sgt. McMillen, warden Hardy, Mrs. Tolley. of the threats by Reese and Lt. Kirk. And that he wrote the following peoples to prevent the actions and threats to go any further. see Ex. ( A ) grievence to warden coleman, letter to coleman see Ex. ( D ), grievence back from warden Hardy see Ex. ( B ). letter to warden Hardy, see Ex. ( G ). letter to ADA Johnson see Ex. ( E ). And Document of Mental Health report. see Ex. ( C ) Ms. Tolley. And these request had been over looked. each person turn a blind eye to the threats.

36) To cover up the actions. plaintiff was falsely accused of fighting and spent thirty (30) day in segregation. to cover the true facts that plaintiff was assaulted, And nor had coleman, Hardy, Tolley Edwards, Johnson, Bishop and thompson. take in account plaintiff was assaulted. nor had coleman, Hardy, Tolley, Edwards or Johnson prevent the assault from taken place.

31.) Plaintiff sent Copies of his Complaint to the court of Justice see exhibit (U) Judge James B. Zagel. the Honorable judge requesting him to stand in on this matter. see ex parta motion. expressing the M13 conduct by Stateville C.C.

38.) Plaintiff was informed hour's after. he was suppose to have a judge call. by Honorable James Zagel. about the correspondance from Plaintiff.

39.) Plaintiff appealed the adjustment committee decision of the alleged fight. And the grievence process invesitaged the true facts and witness account. that the same adjustment committee chairperson had. And found that this cause should be expunged see exhibit. (V). this proves this chairperson bishop fail to do her responsebility and duty. see ex. N, V. and X

DEFENDANTS

40.) Plaintiff Eight Amendment was violated when deliberatiely showed disregarde to plaintiff constitutional rights. And also showed indifference to the plaintiff's safety. Or safe guarding plaintiff from undue harm. which each defendant Hardy, Edwards, coleman, Johnson Bishop, Tolley and thompson. And most of all Lt. Kirk by turning a blind eye to protecting the plaintiff from the assault. see exhibits (C, D, E, F, G, H, N.

41.) Defendant Tolley, Edwards, Hardy, Coleman and Johnson had the duty and the responsebility to step in and prevent the further danger of plaintiff. But turn a blind eye to the threats and harrassment. But allowed the harm to go furth. And assisted in the cover up. when each defendant was required to do something and was notisized by plaintiff either by letter and/or grievence see exhibits (C, D, E, F, G, K

12

N2) Each Defendants deliberately agnored the facts that Plaintiff was placed in protective custody, for the threats, and that along raises a red flag that Plaintiff needed assistances and safety by the administrative. See Ex(W,X,O)

N3) Each Defendant went as far as they could to possibly cover-up and/or agnore the facts that Plaintiff got assaulted. And not accept their responsibility to stand in and do something about the action's of Lt. Kelly and Inmate Reese. Because Plaintiff plainly informed Warden Hardy, Warden Coleman, Warden Edwards, Mental Health Tolley, And Placement officer A. Johnson. As he also informed Lt. Bishop and Ms. Thompson about the assault threats, and the harrassments. But either each Defendant allowed the assault to take place. By accompaning the cover-up, or standing in to do their Duties. And fell to prevent Plaintiff from the injuries and the 30 days in segregation, for something they know he did not do. But punished him for fighting.

N4) those False charges led the criminal attorney Tara Thompson from the Law Firm of Loevy & Loevy to release Plaintiff as a client. Due to she felt as though Plaintiff was a trouble maker and was fighting when she came to visit him. And dropped Plaintiff case from their Firm. See (Y)

N5) Plaintiff is sueing each Defendant in their own / And individal complicity. For the following reasons. Defendant Hardy, Edwards, Coleman, Tolley, Johnson, Bishop and Thompson. Deliberately delayed and/or deliberately showed no regards to the Plaintiff's rights and safety. By deliberately agnoring the cry of a person in need of help by authority. Which led to the Plaintiff's rights to his eight amendment of the Constitution of U.S. Federal and State Law. See Ex. U.

46) Plaintiff is sueing each Defenonant in their individial capacity for deliberately indifference (delay the due process) and for ignoring the safety of a person life. When clearly each Defenonant, Kirk, Hardy, Edwards, Coleman, Tolley, Bishop, Johnson and Thompson was informed of the threats and assault. And before any physical harm was done to Plaintiff, Coleman, Hardy, Edwards, Johnson and Tolley. See Ex.( C, D, E, F, G, I, J, N, )

· But turn a blind eye to every conversation, letters and/or grievances.

47.) Plaintiff can prove by facts that Lt. Kirk has a pattern of beating inmates up and/or participating in misconduct. These actions along is a red flag for the administration to investigation and pay attention to the request by Plaintiff. But Defenonant Hardy, Edwards, Coleman, Tolley and Johnson, allowing Lt. Kirk to consistently due misconduct and/or allowed Lt. Kirk conduct to be pushed up under the rugg.

48.) Facts will prove, that witnesses overheard Lt. Kirk tell inmate Bese to do whatever to Plaintiff. See exhibit (M.)

49.) Plaintiff has went as far as writting, Judge James B. Zagel about the harrassment and threats by staff. And the cover up by staff members. See (Ex. V.)

50.) Plaintiff Ex (2) will show how the staff members will assist each other. When being a temporally counselor. As a correctional officer, which I stated in the motion for seal to Honurable Judge James Zagel.

**V.**    **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff asking for 100,000 in Damages, 100,000 in Pain and suffering. Amount of monies the court deem that the plaintiff should be awarded for punitive damages. on top of that changing the policy of inmate's and/or the placement office can move someone. And those in protective custody have a one man cell. Due to the threats All filing fee and any cost of coppies

**VI.**    The plaintiff demands that the case be tried by a jury.  ☑ YES   ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _May_ day of _5th_ , 20 _13_

_____
(Signature of plaintiff or plaintiffs)

_____Gerald Reed_____
(Print name)

_____N-32920_____
(I.D. Number)

_____P.O. Box 112_____
_____Joliet Ill. 60434_____
(Address)

EX-A
F114

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: | Offender: (Please Print) Gerald Reed | ID#: N-32920 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___
      Date of Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): ___

Facility where issued

SEP 2 3 2011
3623

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility and is not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On Aug. 23, 2011. I was going to chow in Unit 7 at around 1st am. When I was informed by Lt. Kirk to step out of line, because I was moving to slow. As he knows, my movement is slow due because of my inability to walk around with a crutch. As I was led to the side. Lt. Kirk assigned to this Unit (7) on Aug. 22. Stated that her don't care about my disability need up with the chow line, we stay in my cell. This Lt. have been making comments un-professional about me since Sept 2010. Transfer to D-House Unit. When Kirk was a c/o when I informed them that I didn't have a mattress, which led to me sleeping on the bare steel bunk. Until the next day. When I asked c/o Guller for a copies.

**Relief Requested:** That this personal be disciplined for these action, and I want be no where in contact with this personal. or retaliated against me for bringing this to the administration attention by transferring me

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Gerald Reed | N-32920 | 9 1 11 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 2 / 22 / 12   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The Lt and C/o denied this ever happened in 7-House

| E. Birkfeuren | E. Roth | 2 22 12 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

EX #5

X-LC-11

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

| Date: 12/8/11 | Offender: (Please Print) GERALD REED | ID#: N-32920 |
|---|---|---|
| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE (GRIEVANCE OFFICE) | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [x] Disability   EC 1 2 2011
- [ ] HIPAA
- [ ] Other (specify): 4426

- [x] Disciplinary Report: 9 / 17 / 11    ON 9/25/11
  Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On the following Dates 8/30/11 and 9/23/11, Two SEPARATE GRIEVANCE was written, in regards to Staff Misconduct, and assault, the emergency grievance of misconduct of Staff Member Lt. Kirk of Harassment. On September 30, 2011, (Warden Hardy) informed me that the grievance was not a emergency. I then process that grievance to c/o 7-House Counselor Nyer, requesting the grievance back as (First Stage grievance from Counselor, through Counselor process are (14) days, due Negigent and Imcompetent counsel. On grievance Dated 9/23/11, I wrote a grievance based on a assault from September 17, 2011. Emergency process was requested and also sent to Warden Hardy, and sent back on September 30, 2011 (back →

Relief Requested: I want copies of grievances signed, and Staff should not allow this process to take this long. And follow administrative Rules and process, as they apply to the Rules and regulation.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Gerald Reed | N-32920 | 12, 8, 11 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ___ / ___ / ___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

EMERGENCY REVIEW

EX - C

10/4/11

MRS. Telley

I did not get the chance to come See Doctor Kelly. Because LT. Kirk to % officer to put me back in my cell. Due to he didn't care who I needed to see. Shift change in 5 minutes AND nobody comes out, EXACTLY on OCT. 5. I never got the chance to see. Mental Health last Tue.

I can't sleep, I'm so depressed.

- Reed (Gerald)
N-32920
7 - 114

9/1/11

PROPOSAL FOR SPAN

- I APPROVE - I AM APPROXIMATLY ...
... APPROVE the construction to you, the improves
you this this ion system, of improve SAFETY

thank you

(M. GOODWIN REED)

X House

Sept 7, 2011

1) DEAR Mrs. Johnson

Hell!"

I just currently moved over here to X-House
Wens. And as of Friday me and my cell mate would been
having stand-off. Also fight which I'm talking to Andzo.
Last nite I wanted to go on a hunger-strike, and the Sgt.
said it would not be a good idea, so I pull back. And talk
with him today. But just stayed out of my room-mate way.
And in the bed. So I'm asking you to please move me. I'm not
a trouble maker. I'm have to back work on my case. Regarding my
word. And talking my best to go home real soon.

EX-X

10/3/11

WARDEN EDWARDS.

I'm writing to you in regards
to a incident/or should I say, A assault
that occurred to me on Sept 17 and in in
segregation. The report plainly states by CO Warner
that I was beat over, and inmate Reese have are
Reese because this inmate said we were fighting
histoly. My request is, I shouldn't be in seg
period, because this inmate said we were fighting

Mr. (Germain) Reed #13-9200
Z - 7/4

P.S. would you please look
into this matter.

EX-5

6/25/11

Mr. WARDEN HARDY

I'm writing you in regards to talking to you on Sept 22, and seeing you on Sept 23, After getting X-RAYS, About being assaulted with a crutch and you stated that I should be under investigation, At this time, I'm in seg. for (30) 1 charge. And in the walk I was attacked by inmate - ticket, % walker stated I was beat over not one time Reese (#R-62432), while I was beat over, % % Not one time was % walker stated that I punched, hit or fought back.

So I should not be charged with a fight and/or assault. And I'm sending you my please look into this - And who, I informed before this grievence about who. I informed before this assault happen.

Mr. Gerard Reed # N32520
2 House 114

EX-4

9/25/11

M/S. TOLLEY

O'NEILL

I was wrote a ticket for fighting. But the c/o said, that I was beat-up, and beat me with a inmate Reese attacked me, and beat me with a trinket. Now my reason for writing you. I want you to move me in the cell by myself. Until I am able to have a cell/ apartment. Please don't move the guy that I'm in the cell with now. (Move me.) Cause I don't want a misunderstand, and also tell c/o Jackson from the adjustment committee, that I have been complaining about this guy Reese

Mr. Gerald Reese. 7-44   (#N-3-242)

P.S. Can I come up and show you the ticket !

EX- I

September 26, 2011

Hello Warden Harden,

I am writing this letter regarding my son Gerald Reed #N32920; this is in concern of him being beaten by his cellmate on 9/17/11. He was not the initiator of this fight and was beaten until he was unconscious and had to be hospitalized because of this. Gerald already has to walk with a crutch because a bad hip and is in no condition to defend himself against people and situations such as this one. I know you are busy but at your earliest convenience can we set up time to meet and discuss what happened and how we can prevent this from happening to my son or anyone else for that matter. I can be reached via phone (773) 855-2529.

Thanks in advance,

Armanda Shackelford

RX-7

10/26/2011

Dear Warden Harden,

I wrote a letter to you on 9/26/2011 regarding my son Gerald Reed #N32920 and the beating he received from his cell mate. I understand that you are a busy man but some form of communication would be appreciated. I would prefer to meet with you in person but if that cannot be arranged any time soon a phone call would suffice; I can be reached at (773) 855-2529.

Thanks in Advance

Armanda Shackelford

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DIAGNOSTIC AND TREATMENT NOTE

OFFENDER NAME: Reed, Gerald NUMBER: N3290 DATE: 9/14/1

REASON FOR REFERRAL: ☐ Mental Health Level Change ☐ 1:1 Note ☐ Parole Clearance ☐ Medication Review
☐ Initial Evaluation ☐ Group Note ☐ Group Screening ☐ Crisis Response ☒ Regular MHP Contact
☐ Inmate Request ☐ Referred by:

Subjective Data: I/m applies for PC because "I was
I/m reportedly harassed by security." He complained about
wrote an his current cellmate who constantly "yelled"
emergency at him "bullies" him. Reported sleeping "1 hr."
grievance. ↓ appetite & energy. Maintains contact w/
family. Reported feeling depressed "8" 0 to 10 scale.

but denied
Objective Data: Alert ☒ yes ☐ no   Cooperative: ☒ yes ☐ no   Coherent: ☒ yes ☐ no   current SI
Appropriate eye contact: ☐ yes ☐ no                                                              ↑ crying.

Orientation: ☒ Person ☐ Place ☐ Time ☐ Situation

**Mood/Affect:**
☐ Inappropriate affect
☐ Flat, blunted, constricted, pressured
☐ Appropriate/Euthymic
☒ Depressed
☐ Anxious
☐ Agitated

**Perceptual Distortions:**
☐ Auditory hallucinations
☐ Visual hallucinations
☐ Sensory hallucinations
☐ Appears to be responding to internal stimuli
☒ None apparent

**Thought Process:**
☒ Intact
☐ Tangential
☐ Loose Association
☐ Circumstantial
☐ Blocking/Delayed
☐ Disorganized

**Suicidal/Homicidal:**
Current suicidal ideation ☐ yes ☒ no
Current homicidal ideation ☐ yes ☒ no

**Thought Content:**
☒ Unremarkable
☐ Delusional:

☐ Paranoid
☐ Excessive Religiosity

Grooming: ☒ Appropriate ☐ Soiled/Body odor ☐ Disheveled
Insight into mental illness: ☐ Good ☒ Fair ☐ Poor
Judgment: ☐ Good ☒ Fair ☐ Poor
Impulse Control: ☐ Good ☒ Fair ☐ Poor

Patient's Report of Medication: ☐ Noncompliance ☒ Compliance ☐ Side effects ☐ Knowledge of agent and dosage
Comments: Remeron, Paxil, Risperdal.

ASSESSMENT/DIAGNOSIS: ☒ Provisional ☐ Diagnosis Per medical record
Axis I: Depressive D/O NOS
Axis II: ASPT
PTC 3 wks

SUMMARY AND TREATMENT PLAN: ☒ Continue regular contact to monitor stability ☐ Referred to psychiatrist
☒ Referred to group: Depression ☐ In need of crisis watch ☐ Additional Comments: _____

P. TOLLEY, PSY.D. SENIOR PSYCHOLOGIST
STATEVILLE CORRECTIONAL CENTER
Distribution: Offender Medical File

(Replaces DCA 7157)

DOC 0282 (Eff. 8/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DIAGNOSTIC AND TREATMENT NOTE

OFFENDER NAME: REED, GERALD          NUMBER: X32920          DATE: 9/23/11

REASON FOR REFERRAL: ☐ Mental Health Level Change   ☐ 1:1 Note   ☐ Parole Clearance   ☐ Medication Review
☐ Initial Evaluation   ☐ Group Note   ☐ Group Screening   ☒ Crisis Response   ☐ Regular MHP Contact
☐ Inmate Request   ☐ Referred by:

SUBJECTIVE DATA: Inmate reported that he was physically assaulted by his cellmate last Saturday. He stated that something happened to his cellmate in the yard and his cellmate took it out on him. Inmate is reportedly celled with one of the inmate workers in F house. He said he is alright with this cellmate because he is out the cell all day long. He reported sleeping "only 1 or 2 hours a night," and decreased appetite. He said he has been very cautious and anxious. He ranked his level of anxiety as "9." He said he can wait until next week to see his psychiatrist.

Objective Data:        Alert: ☒ yes ☐ no   Cooperative: ☒ yes ☐ no   Coherent: ☒ yes ☐ no
Appropriate eye contact: ☒ yes ☐ no

Orientation: ☒ Person   ☒ Place   ☒ Time   ☒ Situation

| Mood/Affect: | Perceptual Distortions: | Thought Process: |
|---|---|---|
| ☐ Inappropriate affect | ☐ Auditory hallucinations | ☒ Intact |
| ☐ Flat, blunted, constricted, pressured | ☐ Visual hallucinations | ☐ Tangential |
| ☐ Appropriate/Euthymic | ☐ Sensory hallucinations | ☐ Loose Association |
| ☐ Depressed | ☐ Appears to be responding to internal stimuli | ☐ Circumstantial |
| ☒ Anxious | ☒ None apparent | ☐ Blocking/Delayed |
| ☐ Agitated | | ☐ Disorganized |

Suicidal/Homicidal:                    Thought Content:
Current suicidal ideation ☐ yes ☒ no    ☒ Unremarkable                    ☐ Paranoid
Current homicidal ideation ☐ yes ☒ no   ☐ Delusional: _____          ☐ Excessive Religiosity

Grooming:                    ☒ Appropriate   ☐ Soiled/Body odor   ☐ Disheveled
Insight into mental illness:   ☐ Good   ☒ Fair   ☐ Poor
Judgment:                    ☐ Good   ☒ Fair   ☐ Poor
Impulse Control:             ☐ Good   ☒ Fair   ☐ Poor

Patient's Report of Medication: ☐ Noncompliance   ☒ Compliance   ☐ Side effects   ☐ Knowledge of agent and dosage
Comments: Remeron, Paxil, Risperdal

ASSESSMENT/DIAGNOSIS:        ☐ Provisional   ☒ Diagnosis Per medical record

                Axis I: Depressive D/O NOS
                Axis II: ASFT

                RTC 1 week
SUMMARY AND TREATMENT PLAN: ☒ Continue regular contact to monitor stability   ☐ Referred to psychiatrist

☐ Referred to group: _____   ☐ In need of crisis watch   ☐ Additional Comments: _____

P. TOLLEY, PSY.D. SENIOR PSYCHOLOGIST
STATEVILLE CORRECTIONAL CENTER

Distribution:   Printer Medical File

DOC 0282 (Eff. 8/2005)
(Replaces DCA 7157)

STATE OF ILLINOIS    )
                           ) SS

COUNTY OF _Cook_    )

## AFFIDAVIT

I, _Brandy Morgan_ being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

I, Brandon Morgan, am the witness to the following facts and would testify to #1 Back on September 2011, I was in protective custody when Reese assaulted Read with a crutch. #2 In that same year, on/or about July and August 2011, I witnessed Mr. Reese threaten two other guys that were his cell mate, Because I lived next door, I heard these threats with my own ears. #3 Somehow before Reese could carry out these threats, the inmates were moved. #4 also within Sept 2011, I seen/and overheard Lt. Kirk pull and whisper to this same inmate, Reese how was he getting along with his cellmate.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: _9/15/12_

/s/
NAME: _Brandy Morgan_
IDOC#: _N-13480_
_Stateville_ Correctional Center
P.O. BOX _112_    (604)34
_Joliet_    IL

STATE OF ILLINOIS )
) SS
COUNTY OF Cook )

## AFFIDAVIT

I, Brandy Morgan being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

#5 Reese responded that he didn't like his cell mate, and if "they didn't move that punk", he (Reese) was going to beat his ass #6 Lt. Kirk responded that he couldn't move him, because he didn't have the cell house. But added, "sometimes, some of these stool pigeons need their ass beat #7 then inmate Reese went on the yard. #8 That next saturday, I heard that inmate Reese beat his cellmate bad with a crutch. #10 The reason why I'm coming forth with this information, is because I believe its the right thing to do. #11 and I also witnessed mr. Reed tell staff about the threats by mr. Reese, while we were both in the hospital to staff. # since my stay in Stateville, it has been numerous times inmates fought instead of staff resolving the issue. For staff and admin-istrative prove that its a serious problem with some inmates

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 7/15/12

/s/
NAME: Brandy Morgan
IDOC#: N-13450
Stateville Correctional Center
P.O. BOX 112
Joliet , IL 60434



**Illinois**
Department of
**Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727 -3607 / TDD: (800) 526-0844

# MEMORANDUM

**DATE:** November 15, 2011

**TO:** INMATE GERALD REED
N32920    (F-114)

**FROM:** Darryl M. Edwards
Assistant Warden of Programs

**SUBJECT:** <u>DISCIPLINE</u>

This is in response to your letter that you were assaulted and you shouldn't have received discipline. Please be advised that the Adjustment Committee hears from all involved and finds guilt. If you are dissatisfied with the decision you may utilize the Grievance process.

I trust this has been responsive to your inquiry.

DME: dv

cc: Master File N32920
    Chron
    File

EX- 0
F11-7

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: SEPT 23 2011 | Offender: (Please Print) GERAIN REED | | ID#: N-32923 |
|---|---|---|---|
| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. X-LC 03/7-114 | | GRIEVANCE OFFICE |

SEP 28 2011

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☑ Disability
☑ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☑ Other (specify): **ASSAULTED**

☐ Disciplinary Report: 9 / 17 / 2011    ON 9/25/11 RECEIVING A TICKET IN 7-HOUSE
         Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

**Brief Summary of Grievance:** ON SEPTEMBER 17, 2011, At AROUND 12th PM I WAS ATTACKED by CELLMATE REESE, while IN X-HOUSE LC-03 CELL. ON this ABOVE DATE INMATE REESE #L-62423. CAME IN FROM YARD. While I WAS ON the PHONE, ASKING ME question why did I MOVE his BOX + TV., which WAS ON the FLOOR, I ANSWERED the PHONE, AND RESPONDED (I CLEANED the CELL FLOOR), ABOUT A MINUTE OR two LATER, INMATE REESE HIT ME WITH his FIST ON the LEFT SIDE OF MY FACE. CAUSING ME TO BE DAZZED AFTER ADMITTEDLY DOING THAT, INMATE REESE PUT his ARM AROUND MY NECK IN A CHOKE HOLD, I GOT REAL DIZZY trying to TELL REESE, WHAT'S YOU'RE TRYING to KILL ME, BUT COULD NOT GET All the WORDS OUT, THIS INMATE RELEASED ME AND SAID OLD MAN LAY ———►

**Relief Requested:** I WANT TO BE IN A CELL BY MYSELF. AND TO MAKE SURE this KIND OF ABUSE DO NOT HAPPEN AGAIN. WHEN SOMEONE SAYS HE'S HAVING A PRO- BLEM WITH his CELL MATE, TAKE IT SERIOUS AND MOVE HIM (E RESPONSE FROM SGT)

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

     _Gerald Reed_        _N-32920_        9 / 25 / 11
     Offender's Signature             ID#             Date

                       (Continue on reverse side if necessary)

---

| | **Counselor's Response** (if applicable) | |
|---|---|---|
| Date Received: 12 / 2 / 11 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _Reesa R 62423 is now in seg lockup and will be there for a while_

     F. Bitkiewicz          C. Rith          /
     Print Counselor's Name          Counselor's Signature          Date of Response

---

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: 9/29/11 | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

     _Marcus Hardy_                9/29/11
     Chief Administrative Officer's Signature           Date

Printed on Recycled Paper

EX-2

10/3/11

C/o Tugaler

I'm writing you in regards to the assault that happen to me. Pratically C/o Walker stated in her report I was beat neir and attacked this inmate please stated this and showed this in front of C/o Walker. I never punch (or fist him) at all. He stated he sustained a injured from a fight we had. Pratically this inmate is trying to get out of the assault. then you explained to me. I should be straight. I'm still in seg. Why? And you please look into that for me.

Mr. Girado Assign 1/3-2920
7-114

P.S. I also want to put him down as a battery, due to the threats over the gallery to me.

ADJUSTMENT
COMMITTEE

To: Chairperson LT. Mrs. Bishop/& counsel (CHARGE "301" Fighting

C/O WALKER plainly STATED IN her WRITTEN REPORT, THAT INMATE REED #N-32920 WAS ATTACKED, by INMATE REESE #R-62123 which the FACTS will PROVE. C/O WALKER Also WENT INTO details About the ATTACK. STATING REED WAS bent over At the cell door, being ATTACKED, with A MEDICAL CRUTCH.

AT NO point, IN this REPORT did C/O WALKER STATE MR. REED punched, kicked, hit, SWANG, or SWANG bACK or defend himself. FROM the ATTACKER (on Any level of this REPORT. NONE OF the ABOVE WAS STATED!

ON the DATE, SEPT. 2, 2011, INMATE REESE MOVED IN the cell, FROM threats to his celly. NC-OR, ON SEPT 6, I WANTED to GO ON A HUNGER STRIKE DUE to the threats. X-HOUSE SGT., INFORMED ME to NOT GO ON A HUNGER STRIKE, AND to WRITE A LETTER to MRS. B. Johnson., Which on SEPT 8th, He put the LETTER PERSONALLY IN PLACEMENT MRS. Johnson HAND. ON SEPT 16th CRISIS TEAM MEMBER (MENTAL HEALTH MRS. TOLLEY) WAS INFORMED OF the threats. ON SEPT. 17th, I WAS ON the phone with MY GRAND KID'S AND THEIR GRANDMOTHER. WHEN INMATE REESE CAME IN FROM the YARD AND ASK ME why I MOVED his box & T.V., I COVERED the phone, AND told REESE thAT I cleaned up the cell, AND put his box & T.V. bACK. AND A MINUTE/or TWO lATER. REESE HIT ME, WHEN I WAS NOT PAY ATTENTION. FOR I WAS TAlKING to MY GRANDSON. REESE HIT ME SO hARD, I CAN NOT EXPLAIN whAt took plACE NEXT. then I NEW, I WAS being bEAT with A CRUTCH ACROSS MY HEAD, ARMS, thighs, KNEE AND legs. I HEARD A VOICE SAY STOP bEATING him, I LATER FOUND OUT it wAS C/O WALKER. "She WROTE the ticket, I heard ANOther voice SAY, you're going to Kill him, STOP beating him with thAt CRUTCH. I lATER FOUND OUT it WAS C/O CARTER After tAlking to her husbANd, when I went OUT FOR MORE X-RAY's thAt's how I KNOW she witNESS the ATTACK. then NEXT LT. SHIEVERS hAD to use chemical Agent to STOP him FROM ATTACKING ME. AFTER A

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**
Stateville
Facility

Date: 9-17-2011

**Type of Report:**
☐ Disciplinary   ☐ Investigative

Offender Name: Reese                    ID #: R62473

Observation Date: 9-17-2011   Approximate Time: 1235   ☐ a.m. ☑ p.m.   Location: X-House LC-03

Offense(s): DR 504: 102 Assaulting any person, 104 Dangerous Contraband, 301 Fighting, 202 Damage or Misuse of Property, 403 Disobeying a Direct Order, 404 #1 and #2 Violation of Rules

Observation: (NOTE) Each offense identified above must be substantiated)

On above date and approx. time. This Reporting officer C/o D. Walker # 7883 witnessed an 10-10 in progress in LC 03 X-House. I/M Reese used an Medical Crutch as an weapon striking I/M Reed # N32920 several times. I gave inmate Reese an Direct Order to stop. inmate Reese ignored the direct order and continue to strike inmate Reed. It wasn't until K3-37 LT. Shivers sprayed Chemical Agent on inmate Reese to make him stop striking. K3-37 LT. Shivers gave I/M Reese w direct order to step to the bar of cell and cuff up. I/M Reese cuffed up and was removed from cell. I/M Reese was identified by his state I.D. — end of Report

Witness(es): _____ ☐ Check if Offender Disciplinary Continuation Page, DOC 0317B attached to describe additional facts, observations or witnesses.

| D. Walker | 7883 | W. Walt | 9-17-11 | 214 ☐ a.m. ☑ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

---

**Disciplinary Action:**

**Shift Review:** ☑ Temporary Confinement   ☐ Investigative Status   Reason: Nature of Report

Major McGee #543
Printed Name and Badge #

Shift Supervisor's Signature   Date 9/17/11
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment: _____

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

Major Buszinski #680
Print Reviewing Officer's Name and Badge #

Reviewing Officer's Signature   Date 9-18-11

☑ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

MC Lange 2782
Print Hearing Investigator's Name and Badge #

Hearing Investigator's Signature   Date 9-18-11

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

| C. Jackson | Offender's Signature | 5092 | ID# | R. Jack |
|---|---|---|---|---|
| Serving Employee (Print Name) | | Badge # | | Signature |
| 9/22/11 | | 15/pm | | |
| Date Served | | Time Served | | |

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____   _____
Offender's Signature   ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____   _____   _____
Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

Distribution: Master File   Page ____ of ____
Offender
Facility (2)                Printed on Recycled Paper                DOC 0317 (Rev. 2/2007)

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | | |
|---|---|---|---|---|
| **Name:** REESE, WILLIS | | **IDOC Number:** R62423 | | **Race:** BLK |
| **Hearing Date/Time:** 9/28/2011  09:00 AM | | **Living Unit:** STA-F-01-47 | | **Orientation Status:** N/A |
| **Incident Number:** 201102054/1 - STA | | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 9/17/2011 | 201102054/1-STA | WALKER, DAPHINE | X-HOUSE | 12:35 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 102 | Assaulting Any Person - Inmate<br>*Comments:beat Reed M32920 with crutch* | Guilty |
| 104 | Dangerous Contraband<br>*Comments:unsubstantiated* | Not Guilty |
| 202 | Damage Or Misuse of Property | Guilty |
| 301 | Fighting | Guilty |
| 403 | Disobeying A Direct Order | Guilty |
| 404 | Violation Of Rules<br>*Comments:inmate handbook* | Not Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS

Offender Reese R62423 is present and the IDR is read. Offender Reese states when he returned to the cell from the yard, he noticed his stuff had been moved around, so he asked his cellie what happened. States his cellie didn't respond to him, so he asked again. States his cellie then raised up at him,  they grabbed each other simultaneously, fell onto the bed and then his cellie hit him in the head with a tray, so he hit him back and commenced to beating his ass with the crutch. States he was treated in the HCU for an injury to the head. States he didn't hear anyone tell him to stop because he was pissed and defending himself. States he was in Unit X-LC-03 during the time and date of incident.

## BASIS FOR DECISION

1. Offender Reese R62423 admits to being in Unit X-LC-03 on 9/17/2011.
2. Offender Reese admits to fighting with his cellmate Reed N32920 on 9/17/2011 and to beating Offender Reed with a crutch.
3. The IDR submitted by C/O Walker indicates that she witnessed a 10-10 (fight) in progress where Offender Reese used a medical crutch as a weapon, striking Offender Reed several times and refused her direct order to stop. Due to Offender Reese's refusal to stop striking Offender Reed with a crutch, Lt. Shivers utilized chemical agents on Offender Reese to make him stop striking Offender Reed to which he (Reese) complied.
4. Offender Reese was positively identified.
5. This Committee reasonably finds Offender Reese R62423 in violation of the written infractions.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |

**Basis for Discipline:nature of offense**

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| BISHOP, YVONNE E  - Chair Person | | 09/28/11 | BLK |

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** REESE, WILLIS | **IDOC Number:** R62423 | **Race:** BLK |
| **Hearing Date/Time:** 9/28/2011  09:00 AM | **Living Unit:** STA-F-01-47 | **Orientation Status:** N/A |
| **Incident Number:** 201102054/1 - STA | **Status:** Final | |

## Signatures
### Hearing Committee

THOMPSON, MARGARET M

| | | |
|---|---|---|
| | | 09/28/11    WHI |
| | Signature | Date    Race |

Recommended Action Approved

---

**Final Comments:** N/A

---

MARCUS  HARDY / LKS  10/6/2011

| | | |
|---|---|---|
| | | 10/06/11 |
| **Chief Administrative Officer** | Signature | Date |

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

NICCOELLE E JACKSON

| | | |
|---|---|---|
| | 10/12/2011 | 01:30 PM |
| **Employee Serving Copy to Committed Person** | When Served - - Date and Time | |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 10/18/11 | Offender: (Please Print) GERAIN REED | ID#: N-32920 |
|---|---|---|

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. X-2C-11 | GRIEVANCE OFFICE |

APR 27 2012
STA# 1230

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
|---|---|---|---|
| ☑ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): |

☐ Disciplinary Report: 9 / 17 / 11    Oct. 17, 2011 / Summary Judgement 9/28/11
Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On October 17, 2011, C/O Walker observed an attack taken place. Inmate Reese #R-62423 was attacking inmate Reed with a church. In C/O Walker report, she stated the following, that inmate Reed was bent over at the cell bars in X-House lower center cell 3, while being attacked by inmate Reese, nothing in the reporting officers language, state that inmate Reed did anything in forcing the words fight, or fighting. Upon review from the adjustment committee, Chair person, Yvonne Bishop and Margaret Thompson found inmate Reed guilty. Basically in the none factual inactment that after investigating the matter. Only at the

Relief Requested: I would like the ticket expunged from my records

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Gerald Reed_    N-32920    10, 19, 2011
Offender's Signature        ID#        Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |
|---|---|---|

Date Received: 12 / 2 / 11    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _Sent to Adjustment committee to address this issue._

Received
APR 2012
Adjustment
Committee

E. Bitkiewicz    _E. B____    12 / 13 / 11
Print Counselor's Name        Counselor's Signature        Date of Response



U.S. Department of Justice

Civil Rights Division

JMS: RJO:KS
WH 05252012-294
DJ 168-23-0

*Special Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*

**JUN 2 6 2012**

Ms. Armanda Shackelford
4519 South Calumet Avenue, Apartment 1N
Chicago, IL 60653-4019

Dear Ms. Shackelford:

The White House has referred your letter addressed to President Barack Obama to the Department of Justice. We apologize for our delay in responding. In your letter, you expressed concern that your son, Gerald Reed, was wrongfully convicted and is not receiving appropriate treatment at the Stateville Correctional Center in Illinois. Specifically, you stated that your son is a victim of torture by one of the detectives who worked with Jon Burge and was sentenced for crimes he did not commit. You also stated that your son is not receiving proper medical care for a broken pin in his right leg. You attached three supporting letters from friends of Mr. Reed.

Under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, the Special Litigation Section of the Department of Justice is authorized to investigate conditions of confinement in correctional facilities where it is alleged that inmates are being deprived of their constitutional rights pursuant to a pattern or practice of resistance to the full enjoyment of those rights. Where such deprivations exist, the Department may initiate a civil action in the name of the United States against state or local officials to remedy unconstitutional conditions of confinement. The Special Litigation Section is also responsible for enforcing the provision of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. Section 14141 allows the Department to seek equitable relief to remedy a pattern or practice of conduct by law enforcement agencies that violates people's federal rights. When a systemic pattern or practice of misconduct is determined to exist, we have the authority to initiate civil action against the jurisdiction (city, county or state) in order to remedy the misconduct. The Department also has authority regarding the anti-discrimination provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which together prohibit discrimination on the basis of race, color, sex or national origin by police departments receiving federal funds.

The Section does not have the authority to represent individuals in legal matters or to provide individuals with legal advice. To determine what remedies, if any, are available to you, you may wish to consult a private attorney or legal services lawyer. You may wish to contact the Chicago Bar Association's Lawyer Referral Service at (312) 554-2001. In addition, you may wish to contact the American Civil Liberties Union ("ACLU") of Illinois:

-2-

ACLU of Illinois
180 N. Michigan Ave., Suite 2300
Chicago, IL 60601
Telephone: (312) 201-9740

If your son or others have additional concerns or information that indicates a pattern or practice of constitutional violations at Stateville Correctional Center or the law enforcement agency you referred to in your letter, please forward that information to the following address:

U.S. Department of Justice
Civil Rights Division
Special Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

We will carefully consider the information you provide, along with any other information we receive, to determine whether pattern or practice investigations of the facilities are warranted.

We hope this information is helpful. Please do not hesitate to contact this office if we may provide additional assistance regarding this, or any other matter.

Sincerely,

Rashida J. Ogletree
Trial Attorney
Special Litigation Section

ILLINOIS DEPARTMENT OF CORRECTIONS

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | |
|---|---|

**Date Received:** 3/19/12     **Date of Review:** 3/21/12     *Grievance #* (optional): 876

**Committed Person: Gerald Reed**      ID#: N32920

**Nature of Grievance:** *DR – 201102053/1-STA (timely filed)*

**Facts Reviewed:** *Grievant was issued a DR for 301 on 9/17/11 and was found guilty and received one month c grade, segregation and commissary restriction. He wants the disciplinary report expunged.*

*Grievance Officer finds that after a review of all relative documentation, including the disciplinary report issued to Offender Reese, R62423, the disciplinary report dated 9/17/11 should be expunged from Offender Reed's record. Grievance Officer finds that it is clear in both disciplinary reports for this incident, that grievant was attacked by Offender Reese with a crutch. Offender Reese was found guilty of assault, damage misuse of property, fighting and disobeying a direct order.*

**Recommendation:** *Based upon a total review of all available information, it is recommended that disciplinary report dated 9/17/11 be EXPUNGED.*

**Anna McBee, CCII**       *Anna McBee*
Print Grievance Officer's Name       Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | |
|---|---|

Date Received: 3/22/12    ☐ I concur    ☑ I do not concur    ☐ Remand

Comments:

*Marcus Hardy*       3/22/12
Chief Administrative Officer's Signature       Date

E. Butkiewicz
Correctional Counselor II
Stateville Correctional Center


Date: 12-13-11
To: Reed N32920 X LCII
Subject: Ticket


I found your grievance on the ticket
of Sept 17th And I will Try to get it expunge
from your record.





**Illinois**
**Department of**
**Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434

Telephone: (815) 727 -3607
TDD: (800) 526-0844

# MEMORANDUM

DATE: March 20, 2012

TO: Gerald Reed N32920
F 258

FROM: Jerry Baldwin
Casework Supervisor

SUBJECT: Status of grievances

This is to inform you that grievance dated 10/18/11 regarding IDR 9/17/11 has been received by the Grievance Office and is under review at this time. Also, grievance dated 8/30/11 regarding staff conduct and other- harassment by staff (submitted as an emergency) was declared not to be an emergency and returned via institutional mail on 9/28/11.

Any further grievance questions shall be forwarded to your respective counselor.

Cc: file
Master file
Counselor Harris

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

GERALD REED )
    PLAINTIFF )
      V. )
MARCUS HARDY ET, AL )

No. 11 CV. 3777

HONORABLE: JAMES B. ZAGEL
    Judge PRESIDING

## MOTION UNDER SEAL

Now COMES PLAINTIFF GERALD REED pro-se, HEREBY Ask this HONORABLE COURT LEAVE to file the FOREMENTION DOCUMENT UNDER SEAL FEDERAL R. CIV. P. 5. (D).

1.) THAT the AFORE MENTIONED INFORMATION, will ESTABLISH A finding of CORRUPTION within the facility to force PLAINTIFF to Dismiss /OR DROP his complaint DUE to pressure AND HARASSMENT AND threats by STAFF.

2.) Documents INCLOSED with this MOTION, will CLARIFY A purpose finding of COVER-UP, AND HARASSMENT. by STAFF MEMBER.

3.) PLAINTIFF has tried to file grievance, which the facility has come together to cover-up the ACTION of STAFF CONDUCT. TOWARDS PLAINTIFF

4.) PLAINTIFF ASK that this HONORABLE ASSES the FACTS AND gave PLAINTIFF A REASONABLE CAUSE of ACTION. BECAUSE within the PLRA RULES, PLAINTIFF MUST follow.

WHEREFORE. PLAINTIFF REQUEST LEAVE to file this ATTACHED SEALED MOTION to his current complaint.

RESPECTFULLY SUBMITTED
    GERALD REED PRO-SE
    P.O. BOX 112 RT.53
    JOLIET ILL. 60434-0112

Honorable: Judge JAMES B. ZAGEL.

The current motion was drafted. For the purpose I've filed grievences. On staff misconduct and harassment on Lt. Kirk and the assault that accure on September 14, 2011 and the grievences were filed (Emergency Grievences') and Documented. At within Due process. It was Deemed Not Emergency. So I began the process through Stateville counsulor. Which most counsulor are correctional officers. Filling in temporarly Or Were correctional officers at some time. But on October 4, 2011. I turned in two grievences. One a harassment by staff. Above threats of a civil complaint (for Discrimination in front of You) Judge Zagel. Trying to force me to drop the suit, on his friends and fellow co-workers. The next grievence was based on getting assaulted with my own crutch. When I had informed staff of the threats prior to the assault. But at no avail Did the staff members here at Stateville prevent the assault from happening. And later covered up the action by. (Stating plaintiff was fighting and plaintiff recieved (30) thirty days in segregation. Plainly You can see from the Disciplinary Report. Reed (Plaintiff was attacked.). Before this attack happen Reed informed the following peoples. that Did Nothing about it. (Placement officer's Mrs. Ada. Johnson, Warden Marcus Hardy, Sgt. McClendon, Mental Health Personnah Ms. Tolley.) These staff members were informed and Did Nothing about it, which Document. of mental health can colliberate the facts. But staff refuse forward medical reports to Reed. Then also staff member C/o Diler was a temporarly counsulor that destroyed plaintiff grievence, Reed has filed FOIA form requesting the above Documents (grievences and medicial mental health Report. I have wrote NAACP., the FBI about the current issue's and more here at Stateville. Now I'm addressing this with You Judge.

Sincerly Mr. Gerald Reed



**Illinois
Department of
Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

**Stateville Correctional Center**
**Route 53, P.O. Box 112**
**Joliet, IL 60434**

**Telephone: (815) 727 -3607**
**TDD: (800) 526-0844**

# MEMORANDUM

M5130

DATE:     May 1, 2012

TO:        Gerald Reed – N32920
              Unit F-258

FROM:    Anna McBee
              Grievance Office

SUBJECT:    **GRIEVANCE #1246**

The attached grievance is being returned for the following reason:

_____   It needs to be rewritten and submitted to your counselor on the attached
              IDOC Offender's Grievance form.

_____   It was not filed within 60 days of discovery of the incident, occurrence, or
              problem which gives rise to the grievance as required in DR 504F, Grievance
              Procedures for Committed Persons.

_____   Issue needs to be discussed with your counselor for possible resolution.

_____   No issue outlined in grievance.

_____   It appears that no attempt has been made to resolve the issue as required by DR
              504F.

_____   Issue is currently being reviewed by the Office. *You will receive a copy of the
              Grievance and decision when it is completed.

__X__    Issue previously addressed on 3/21/12. No justification for further action.

_____   Other:

cc:       file

# The Exoneration Project

312 N. May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900 (tel)
(312) 243-5902 (fax)

University of Chicago Law School
6020 South University Avenue
Chicago, Illinois 60637
(773) 702-9611 (tel)
(773) 702-2063 (fax)

September 20, 2011

CONFIDENTIAL LEGAL CORRESPONDENCE
Gerald Reed
Reg. No. N-32920
Stateville Correctional Center
P.O. Box 112
Joliet, Il 60434

> Re: People v. Reed, Case No. 90 CR 25846

Dear Gerald,

I hope that things are OK for you at Stateville right now. Any update on your medical situation? Your mom dropped off some paperwork to our office that she wanted returned to you, so I am enclosing those copies for you. Also, I wanted to update you on the case. As you know, we told you that we were going to be unable to pursue your post-conviction petition further until we spoke to Terrell Smith in Minnesota. Unfortunately, we just haven't had time to get up there to talk to him. Elliot has been working on it but has been unsuccessful. As I told you, this continues to prevent us from moving forward.

Elliot and I want to come to discuss the case with you in person but my understanding from talking with Elliot is that you are currently in segregation. I do not want to visit you in segregation to discuss your case because we do not have true privacy for those visits, but I will come see you with Elliot as soon as you are out so that we can talk in person. If anything comes up in the meantime, please let me know.

Sincerely,

Tara Thompson

Enclosures

EX(2)

IDOC 000161

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| REED, GERALD | N32920 | 2-A-M |
| Counselor/Agent Name * | | |
| MILES, SHERWIN | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 3/26/2013 09:22:05 | UNIT E/STA | Personal | Face To Face | SANDERS, SYTERA L., Correctional Counselor II |
| Comments: Rounds offender out of the unit | | | | |
| 3/7/2013 14:25:44 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender had no request at this time. | | | | |
| 3/1/2013 14:47:39 | UNIT E/STA | Personal | Face To Face | BISHOP, RICKY L., Correctional Counselor II |
| Comments: Offender gave me a visiting list submitted to for processing. | | | | |
| 2/14/2013 09:44:31 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender requested and received an audit. | | | | |
| 2/13/2013 13:19:04 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender received a legal call with attorney Joel D'Alba. | | | | |
| 1/24/2013 12:26:51 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender appeared fine and had no request at this time. | | | | |
| 1/18/2013 13:32:25 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender had a scheduled legal call today with attorney Joel D'Alba at 312-263-1500 between 1pm-3pm offender made the choice to attend yard. | | | | |
| 1/3/2013 13:29:44 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender requested and received money vouchers. | | | | |
| 12/13/2012 15:33:15 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender requested and received the yard schedule. | | | | |
| 12/12/2012 12:24:40 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender had a scheduled call with attorney Jeffery Granich between 12pm-2pm at ███████ or ███████ both numbers was attempted and did not accept collect calls. An attempt was made to reach Lora Haven and the attempt was insuccessful. | | | | |
| 11/29/2012 12:39:03 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender had no request at this time. | | | | |
| 11/21/2012 10:52:43 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender received Koss CI-20 headphones. | | | | |
| 11/15/2012 14:15:59 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender had no request at this time. | | | | |
| 10/25/2012 13:39:45 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender had no request at this time. | | | | |
| 10/22/2012 09:38:17 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: picked up offender headphones and took to personal property to be mailed out for repair. | | | | |
| 10/9/2012 11:03:19 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender received a legal call with attorney Andrea Lyons at ███████ | | | | |
| 9/27/2012 14:37:52 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender requested and received an audit. | | | | |
| 9/13/2012 10:40:06 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender requested and received a yard schedule. | | | | |
| 8/30/2012 09:22:42 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender had no request at this time. | | | | |
| 8/16/2012 09:38:46 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender requested and received an audit. | | | | |
| 8/7/2012 12:02:46 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender received two Pauper's petitions. | | | | |
| 7/26/2012 08:39:30 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: offender appeared fine and had no request at this time. | | | | |
| 7/13/2012 10:09:59 | UNIT E/STA | Personal | Other | MILES, SHERWIN, Correctional Counselor II |
| Comments: submitted offender two grievances marked ADA to the ADA coordinator. | | | | |

DOC 1711 (Rev. 10/86) PC Generated

*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

IDOC 000162

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | | Register Number | Current Classification |
|---|---|---|---|
| REED, GERALD | | N32920 | 2-A-M |
| Counselor/Agent Name * | | | |
| MILES, SHERWIN | | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 7/12/2012 08:38:31 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |

Comments: offender submitted a request for two Forma Paupis the requested has been passed on to the Business office for completion and requested a copy of his phone list the request was made to IA staff via outlook.

| 6/14/2012 14:33:49 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
|---|---|---|---|---|

Comments: offender appeared fine and had no request at this time.

| 6/13/2012 15:15:49 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
|---|---|---|---|---|

Comments: offender was placed on a legal call scheduled with attorney Tara Thompson a[      ] between 1-3 pm. offender was informed by attorney Thompson staff that she had left.

| 6/8/2012 11:49:06 | UNIT E/STA | Personal | Other | MILES, SHERWIN, Correctional Counselor II |
|---|---|---|---|---|

Comments: submitted offender reclass.

| 6/7/2012 12:06:16 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
|---|---|---|---|---|

Comments: offender requested and received an audit.

| 5/22/2012 14:37:01 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
|---|---|---|---|---|

Comments: offender appeared fine and had no request at this time.

| 5/10/2012 09:43:02 | UNIT E/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
|---|---|---|---|---|

Comments: offender requested and received an audit.

| 4/3/2012 14:30:49 | UNIT F/STA | Personal | Face To Face | HARRIS, CYNTHIA, Correctional Counselor II |
|---|---|---|---|---|

Comments: inmate was given an audit per his request

| 3/20/2012 15:38:49 | UNIT F/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: The offender was sent a memorandum informing him that grievance dated 10/18/11 regarding IDR 9/17/11 has been received by the Grievance Office and is under review at this time. The offender also was informed again that grievance dated 8/30/11 regarding staff conduct and other· harassment by staff (submitted as an emergency) was declared not to be an·emergency and was returned vin institutional mail on 9/28/11.

| 3/12/2012 13:38:41 | UNIT F/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: The offenders beige blanket was recovered from the cell of inmate [      ] and returned to the offender per Officer Coleman. The other items the offender was seeking to be returned (MIV Blue and White bible and one legal book titled Court Room 302) was not found in the cell of offender [      ]

| 3/2/2012 11:06:19 | UNIT F/STA | Personal | Face To Face | HARRIS, CYNTHIA, Correctional Counselor II |
|---|---|---|---|---|

Comments: inmate stated that he needed the address for Koss Electronics

| 2/29/2012 15:44:57 | UNIT F/STA | Personal | Face To Face | HARRIS, CYNTHIA, Correctional Counselor II |
|---|---|---|---|---|

Comments: inmate was made available at X2441 to wait for a call from the honorable Judge Zagel's office. The inmate waited for approximately 1 hour and 5 minutes. however the judges office never called

| 2/24/2012 09:13:55 | UNIT F/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: An Outlook was sent to B. McLelland of the Property Office regarding the items in question (see CHAMP entry 2/23/12).

| 2/23/2012 08:56:47 | UNIT F/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and stated that offender [      ] has a blanket, book titled Court Room 302 and a bible of his which he would like back. The offender stated that the two were prior cell mates and the property somehow was misplaced in his cell mates property boxes.

| 2/22/2012 11:23:04 | UNIT F/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
|---|---|---|---|---|

Comments: Answered I/M grievance on F-House staff harassment to him.

| 2/14/2012 08:59:18 | UNIT F/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: The offender was approved to be released from protective custody. The Assignment Chairperson and Terri Anderson of the ARB was notified of such via Outlook and also provided a copy of the DOC 0054 form.

| 2/10/2012 08:25:34 | UNIT F/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: An Intel report was received indicating that the offender is seeking to be released from protective custody (the offender grieved the institutional denial and such documentation was sent to the ARB on 2/1/12). Also a Protective Custody Status form was received indicating that the inmate is seeking to be released. The documents were forwarded to the Warden for review and disposition.

| 2/9/2012 15:58:19 | UNIT F/STA | Personal | Face To Face | MANSFIELD, DAVID L., Correctional Counselor II |
|---|---|---|---|---|

Comments: Picked up a legal envelope for i/m from his mother during a PC visit. Submitted to mail room for documentation and review. T/A CCI L. Delhrow

| 2/1/2012 12:44:09 | UNIT X/STA | Personal | Other | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
|---|---|---|---|---|

Comments: Saw I/M and he is grieving his denial of PC. Vote sheet sent to ARB with grievance.

IDOC 000163

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| REED, GERALD | N32920 | 2-A-M |

| Counselor/Agent Name * |
|---|
| MILES, SHERWIN |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 1/31/2012 09:18:33 | UNIT F/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
| Comments: | Saw I/M and he had no issues at this time. | | | |
| 1/30/2012 13:31:04 | UNIT X/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
| Comments: | The Protective Custody Vote sheet was received with a disposition of Group 4. | | | |
| 1/27/2012 13:40:29 | UNIT X/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
| Comments: | The Protective Custody Vote sheet was forwarded (Group 4 recommended by counselor and this supervisor) for finalization on this date. | | | |
| 1/27/2012 08:17:14 | UNIT X/STA | Personal | Other | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
| Comments: | Turned in vote sheet on PC. | | | |
| 1/25/2012 09:50:00 | UNIT X/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
| Comments: | A memorandum was sent to the offender indicating that grievance dated 8/30/11 regarding staff conduct and other was received by the Grievance Office on 9/28/11 and such was returned on such date due to such not being an emergency. The memorandum also indicated that grievance dated 9/23/11 regarding staff conduct, disability, other- assaulted and disciplinary report 9/17/11 was received by the Grievance Office on 9/29/11 and returned the same date after being declared not to be an emergency. | | | |
| 1/23/2012 08:06:14 | UNIT X/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
| Comments: | A report was received from the Intel Department regarding the offenders need for protective custody. | | | |
| 12/22/2011 15:04:09 | UNIT X/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
| Comments: | Saw I/M and he wanted a audit, sent audit via mail. | | | |
| 12/13/2011 13:03:00 | UNIT X/STA | Personal | Other | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
| Comments: | Found I/M's grievance on the ticket he got on 9/17/11 and sent it to the adjustment com. to process it. | | | |
| 12/12/2011 14:56:17 | UNIT X/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
| Comments: | Saw I/M and we talked about a grievance and him going to seg for a fight that he did not start. | | | |
| 11/24/2011 08:23:33 | UNIT X/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
| Comments: | Saw I/M and he had no issues. | | | |
| 11/15/2011 10:31:38 | UNIT X/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
| Comments: | Saw I/M and we talked about some grievances that he filed and what happened to them. Told him I will check and let him know. | | | |
| 10/24/2011 13:04:07 | UNIT X/STA | Personal | Face To Face | WINTERS, RAVIEL B., Correctional Officer |
| Comments: | I/M requested that visiting list is processed and that he receive a medical records form. I will send all requested material to him via mail today. I received the DOC 0054 PC Form from the I/M. | | | |
| 9/16/2011 12:09:31 | UNIT X/STA | Personal | Face To Face | WINTERS, RAVIEL B., Correctional Officer |
| Comments: | I/M grievance concerned staff conduct and medical treatment. I responded "I enclosed a Medical Records form, so you could obtain the information that you are seeking." I will forward this to him via mail today. | | | |
| 9/8/2011 11:35:14 | UNIT X/STA | Collateral | Other | WINTERS, RAVIEL B., Correctional Officer |
| Comments: | I received the corrected DOC 0054 PC Form and his orientation receipt. I will forward the orientation receipt to the Record Office. | | | |
| 9/6/2011 15:16:54 | UNIT X/STA | Personal | Face To Face | WINTERS, RAVIEL B., Correctional Officer |
| Comments: | I/M received a commissary price list and an audit, no other request at this time. | | | |
| 9/6/2011 14:53:32 | UNIT X/STA | Personal | Face To Face | WINTERS, RAVIEL B., Correctional Officer |
| Comments: | I/M received the DOC 0054 form he filled it out incorrectly. I will go to the cell House tomorrow to correct the problem. | | | |
| 8/26/2011 13:51:01 | UNIT F/STA | Personal | Face To Face | WINTERS, RAVIEL B., Correctional Officer |
| Comments: | Offender claims he has not recieved the correct amount of steroid shots and therapy for his leg. He is requesting for the following low bunk/low gallery permit and for the rod to be taken out of his leg. | | | |
| 7/8/2011 12:29:31 | UNIT F/STA | Collateral | Other | WYKES, AMY B., Office Associate |
| Comments: | Requested an audit; sent via mail. | | | |
| 5/16/2011 09:06:00 | UNIT F/STA | Personal | Face To Face | HOSSELTON, JILL E., Correctional Counselor II |
| Comments: | Requested a audit [sent] | | | |
| 4/8/2011 10:23:00 | UNIT F/STA | Personal | Face To Face | HOSSELTON, JILL E., Correctional Counselor II |
| Comments: | No request stated he is okay | | | |
| 2/17/2011 12:00:48 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
| Comments: | Inmate had no concerns during a Level One lockdown. | | | |

DOC 1711 (Rev. 10/86) PC Generated     *Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| REED, GERALD | N32920 | 2-A-M |
| Counselor/Agent Name * | | |
| MILES, SHERWIN | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 2/8/2011 14:03:18 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |

Comments: Inmate seen and requested a copy of grievance dated 9/28/10 which was addressed by the Grievance Office (#3398). The inmate was sent copies of such on this date.

| 2/8/2011 09:55:32 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate was provided a copy of grievance dated 7/2/10 regarding staff conduct and mail handling and the Grievance Officers response #1870 due to receiving a written request for such.

| 1/31/2011 11:51:00 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate turned in two grievances dated 1/29/11 regarding staff conduct and mail handling and 1/30/11 regarding staff conduct and disability (complaint of having to choose between crutch yard or Christian service). The grievances were addressed and returned to the inmate via institutional mail.

| 1/25/2011 08:53:32 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 1/22/11 regarding staff conduct and disability (complaint of not being allowed to go to gym like other general population inmates) was addressed and returned to the inmate via institutional mail.

| 1/24/2011 11:20:32 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 1/16/11 regarding staff conduct (regarding choice of religious service or yard) was addressed and returned to the inmate via institutional mail.

| 1/21/2011 11:30:08 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Audit sent to inmate.

| 1/21/2011 11:27:54 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and requested an audit and turned in two grievances dated 1/16/11 regarding staff conduct (complaint of having to choose between Christian services and exercise yard) and 1/10/11 regarding staff conduct (complaint of not having access to South yard and gym due to using crutches).

| 1/11/2011 14:41:12 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 12/12/10 regarding staff conduct and medical treatment and other- health was addressed and returned to the inmate via institutional mail.

| 1/10/2011 13:50:41 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 1/3/11 regarding other -denial of visitation due to placement in HCU was addressed and returned to the inmate via institutional mail.

| 1/7/2011 13:44:35 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and complained of being issued a dirty state coat by the Clothing Room Supervisor. The inmate also turned in grievance dated 1/3/11 regarding visitation (not being allowed to meet with visitors due to being placed in the HCU for medical purposes).

| 1/4/2011 09:37:41 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and turned in grievance dated 12/12/10 regarding staff conduct and medical treatment (seeking approval to take crutches on a visit). The inmate also turned in grievance dated 12/13/10 regarding personal property and staff conduct (regarding legal material confiscated in September 2010) and requested that such be sent to the Grievance Office. The grievance was forwarded via interdepartmental mail on this date. The inmate was placed in the HCU on 12/29/10 until 1/3/11 due to chest pains.

| 12/29/2010 14:24:44 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 11/7/10 regarding medical treatment (stomach complaint) and other- water problems was addressed and returned to the inmate via institutional mail.

| 12/22/2010 13:34:12 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 12/13/10 regarding personal property and staff conduct (regarding legal mail confiscated) was addressed and returned to the inmate via institional mail.

| 12/22/2010 10:26:22 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate was escorted to the Property Office and given the opportunity to separate his legal and non-legal material that was confiscated on 9/7/10. The inmate discarded the non-legal material but stated that a second bag of legal material containing his transcripts was confiscated and asked the whereabouts of such. This counselor searched the Property Office for such but was unable to locate such. This counselor spoke with Officer Curry whom confiscated such material on 9/7/10 and he stated that he could only recall confiscating one bag from inmate Reed.

| 12/16/2010 10:40:27 | UNIT D/STA | | | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: This counselor was informed by Officer Panozzo of the Property Office that he could not find any excess property received from Delta house for the inmate. This counselor sent the inmate a letter advising him to submit the shakedown slip dated 9/6/10 so that the grievance filed can properly be investigated.

| 12/16/2010 08:50:11 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 11/7/10 regarding other- water problems was received.

IDOC 000165

State of Illinois
Department of Corrections

# CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| REED, GERALD | N32920 | 2-A-M |

| Counselor/Agent Name * | | | | |
|---|---|---|---|---|
| MILES, SHERWIN | | | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 12/14/2010 10:11:47 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |

Comments: Inmate seen and turned in grievance dated 12/13/10 regarding personal property (seeking excess legal material confiscated in September 2010 to be sent to the Law Library)and staff conduct. The inmate had no other concern.

| 11/30/2010 09:10:43 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and signed a Denied Contact Maintenance Delete form indicating that, Ivory Marsh B51876, is not an enemy. The form was sent to the Transfer Coordinator's Office on this date and a copy to the inmate due to requesting such. This counselor spoke with Tim Clevenger (Record Office Supervisor) and was informed that a copy of such can be given to the inmate . The inmate was also advised that he was approved for a medical permit for a crutch and that a copy of such will be sent to him shortly per Brenda Jerz of Medical Records.

| 11/29/2010 12:44:18 | UNIT D/STA | Other | | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: A request for approval for visitation for Tiffany Payne (niece) and Narmar Griffin (nephew) whom were previously on parole was received. The inmate was advised in writing that each individual will need to write the Assistant Warden of Operations directly. The inmate was advised that each will need to include their date of birth, current address, relationship and prior IDOC number.

| 11/29/2010 11:47:44 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: The inmate's medical chart was reviewed and HCU staff stated that the inmate appears to need a permit for a crutch. This counselor was informed by Ms. Jerz of Medical Records that she will address such concern with Dr. Ghosh.

| 11/24/2010 15:06:21 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 11/16/10 regarding other- brown colored water was addressed and returned to the inmate via institutional mail.

| 11/23/2010 14:48:06 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and asked when he will be issued a medical permit. The inmate was advised I will check with HCU staff and advise asap.

| 11/19/2010 09:05:54 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 11/16/10 regarding other- discolored water was received.

| 11/10/2010 15:27:33 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 11/9/10 regarding staff conduct and medical treatment (seeking ortho appointment and to have broken rod in leg removed) was addressed and returned to the inmate via institutional mail.

| 11/10/2010 12:29:10 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 10/10/10 regarding other- yard alloted for inmates with crutches was addressed and returned to the inmate via institutional mail. Also grievance dated 11/3/10 regarding staff conduct (prior grievances submitted to GO) was addressed and returned to the inmate via institutional mail.

| 11/8/2010 15:25:37 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and turned in grievance dated 11/3/10 regarding staff conduct (alleged prior grievance filed not addressed by Grievance Office) and 11/9/10 regarding staff conduct and medical treatment (regarding broken rod). The inmate also turned grievance dated 9/28/10 regarding other- rooms for attorney visits (addressed 10/25/10 by this counselor) and 10/5/10 regarding other- rooms for attorney visits (addressed 10/25/10 by this counselor) and asked for such to be forwarded to the Grievance Officer. The two grievances were forwarded to the Grievance Officer and the inmate was sent a copy of each via institutional mail.

| 10/25/2010 09:51:18 | UNIT D/STA | Other | | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 10/5/10 regarding other- visitation was addressed and returned to the inmate via institutional mail.

| 10/22/2010 11:55:14 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and turned in two grievances: 10/10/10 regarding other- yard and 10/5/10 regarding other- attorney visitation. The inmate had no other concern.

| 10/8/2010 08:48:01 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Grievance dated 9/28/10 regarding staff conduct (complaint regarding yard schedule for inmates with crutches on Sunday's which conflicts with his religious schedule and also complaint of not being provided long johns and boots for the winter weather).

| 10/5/2010 14:28:18 | UNIT D/STA | Other | | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate was rescheduled for a HCU appointment on 10/22/10 (prior appointment was 9/28/10 but was cancelled due to Level One lockdown).

| 9/30/2010 14:31:02 | UNIT D/STA | Collateral | Other | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate was informed that the Grievance Office has received his legal mail grievance and that it will be addressed when possible.

| 9/29/2010 09:38:45 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
|---|---|---|---|---|

Comments: Inmate seen and asked of the status of a grievance regarding legal mail that he alleges to have sent to the Grievance Office on 7/8/10. The inmate was advised that I will check into such and advise asap. The inmate had no other concern during a Level One lockdown.

4/1/2013
DOC 1711 (Rev. 10/86) PC Generated

Page 5 of 10

*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

IDOC 000166

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| REED, GERALD | N32920 | 2-A-M |

| Counselor/Agent Name * |
|---|
| MILES, SHERWIN |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 9/22/2010 11:20:06 | UNIT D/STA | Personal | Face To Face | BALDWIN, JERRY J., Correctional Casework Supervisor |
| Comments: | Inmate seen and turned in grievance dated 9/10/10 regarding medical treatment (seeking removal of rod in leg that was inserted in 1986). The grievance was addressed and returned to the inmate via institutional mail. The inmate was evaluated by Physician Assistant Ms. Williams on 9/16/10 and an x-ray was performed on 9/20/10. The inmate is scheduled for an appointment with Dr. Ghosh on 9/28/10. The inmate also turned in grievances which were addressed by his prior counselor: 8/25/10 re: staff conduct, med treatment, disability and other- restriction, 9/3/10 and 9/7/10 re: staff conduct, medical treatment, disability and other- restriction crutch, 9/13/10 re: staff conduct and medical treatment, and 9/9/10 re: staff conduct and other- discrimination. The grievances were forwarded to the Grievance Office on this date. | | | |
| 9/14/2010 13:50:47 | UNIT D/STA | Personal | Face To Face | HARRIS, CYNTHIA, Correctional Counselor II |
| Comments: | inmate stated that he needed a response from the grievance officer relating to his grievance about housing | | | |
| 8/30/2010 07:30:00 | UNIT F/STA | Personal | Face To Face | HOSSELTON, JILL E., Correctional Counselor II |
| Comments: | No request stated he is okay | | | |
| 8/23/2010 13:00:00 | UNIT F/STA | Personal | Face To Face | HOSSELTON, JILL E., Correctional Counselor II |
| Comments: | Given a legal call with Attorney Tara Thompson | | | |
| 7/30/2010 13:50:30 | UNIT F/STA | Personal | Phone | DENNIS, LANDRIA A., Correctional Counselor II |
| Comments: | Facilitated a successful legal call with Attorney Tara Thompson | | | |
| 7/8/2010 11:50:00 | UNIT F/STA | Personal | Face To Face | HOSSELTON, JILL E., Correctional Counselor II |
| Comments: | Given a legal call with Attorney Tara Thompson | | | |
| 6/14/2010 12:32:58 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | offender had no requests or issues during cell house rounds. | | | |
| 5/19/2010 14:36:38 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | offender requested audit of trust fund account. | | | |
| 4/19/2010 11:03:49 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | offender had no issues or requests during cell house rounds. | | | |
| 4/7/2010 10:44:09 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | legal call to attorney Tara Thompson was completed at 9:54am. | | | |
| 3/29/2010 11:25:59 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | offender requested audit of trust fund account. | | | |
| 3/10/2010 14:22:50 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | legal call to attorney Tara Thompson was completed at 1pm. | | | |
| 3/8/2010 11:52:09 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | offender had no requests or issues during cell house rounds. | | | |
| 3/5/2010 13:50:45 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | legal call to attorney Karl Leonard was completed at 1:07pm. | | | |
| 2/24/2010 11:32:11 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | legal call to attorney Tara Thompson was completed at 9:40am. | | | |
| 2/17/2010 13:06:54 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | offender requested audit of trust fund account. | | | |
| 2/2/2010 13:59:59 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | legal call to attorney Tara Thompson 1 was completed at 12:15pm. | | | |
| 2/1/2010 13:48:34 | UNIT F/STA | Personal | Other | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | legal call scheduled for 11am could not be completed as offender was in the HCU. | | | |
| 1/26/2010 12:49:55 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | offender requested audit of trust fund account. | | | |
| 12/10/2009 15:09:55 | UNIT F/STA | Personal | Face To Face | BOWMAN, DUANE L., Correctional Officer |
| Comments: | No issues per inmate during rounds in the cellhouse | | | |
| 11/26/2009 15:09:26 | UNIT F/STA | Personal | Face To Face | BOWMAN, DUANE L., Correctional Officer |
| Comments: | No request per inmate during rounds | | | |

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| **REED, GERALD** | **N32920** | **2-A-M** |
| Counselor/Agent Name * | | |
| **MILES, SHERWIN** | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 11/9/2009 08:26:08 | UNIT F/STA | Personal | Face To Face | BOWMAN, DUANE L., Correctional Officer |
| Comments: | Inmate request that I check on grievance he submitted. I told inmate that he would have to wait until he gets results from grievance officer. Inmate was ok with that. | | | |
| 10/15/2009 15:30:02 | UNIT F/STA | Personal | Face To Face | BOWMAN, DUANE L., Correctional Officer |
| Comments: | no request per inmate | | | |
| 10/1/2009 15:14:14 | UNIT F/STA | Personal | Face To Face | BOWMAN, DUANE L., Correctional Officer |
| Comments: | seen at cell. requesting a copy of trust fund | | | |
| 8/28/2009 11:53:39 | UNIT F/STA | Personal | Other | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | legal call to attorney Tara Thompson ▇▇▇▇ could not be completed as attorney was not available at the scheduled time. | | | |
| 8/20/2009 12:18:54 | UNIT F/STA | Personal | Face To Face | WHITTINGTON, KEVIN D., Correctional Counselor II |
| Comments: | seen at cell. requested copy of IDR summary. | | | |
| 7/13/2009 08:32:18 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds 7/8/09. Requests a Commissary Price List. | | | |
| 6/4/2009 10:47:52 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds 6/3/09. Requests a Commissary Price List and grievances. Delivered headphones to inmate from Personal Property. | | | |
| 5/11/2009 10:55:05 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds on 5/6/09. Requests a Commissary Price List, visit list, phone list, and submitted a $23.70 voucher to NY Express. | | | |
| 4/13/2009 10:43:05 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds 4/8/09. Requests a Commissary Price List. | | | |
| 3/20/2009 09:11:50 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds 3/18/09. Requests a visit list and a phone list. | | | |
| 3/5/2009 11:58:54 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds 3/4/09. Requests a Commissary Price List. | | | |
| 2/6/2009 10:52:23 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds on 2/4/09. Requests a Commissary Price list. | | | |
| 1/8/2009 11:59:55 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds 1/7/09. Requests a Commissary price list and an audit. Sent to inmate via institutional mail. | | | |
| 12/11/2008 09:46:31 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. 12/10/08. Requests a Commissary Price List. | | | |
| 11/14/2008 10:56:04 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds 11/12/08. Inmate requested a Commissary price list. | | | |
| 10/8/2008 13:37:58 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Requests a Commissary Price List. | | | |
| 9/10/2008 13:55:28 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Requests an audit. Sent to inmate via institutional mail. | | | |
| 8/20/2008 13:23:33 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Requests an audit. Sent to inmate via institutional mail. | | | |
| 8/13/2008 11:54:49 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Level 4 lockdown. Requests a Commissary price list. | | | |
| 7/23/2008 13:36:30 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Level 1 lockdown. Inmate requests an audit. Sent to inmate via institutional mail. | | | |
| 7/9/2008 13:31:55 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Level 4 Lockdown. Requested a Commissary Price list and an audit. Also submitted headphones to be sent to Koss Corp. for repair/replacement. | | | |
| 6/5/2008 13:09:30 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Requests a Commissary Price List. | | | |
| 5/7/2008 15:25:30 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
| Comments: | Weekly rounds. Requests a commissary price list. | | | |

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | | | | Register Number | Current Classification |
|---|---|---|---|---|---|
| REED, GERALD | | | | N32920 | 2-A-M |
| Counselor/Agent Name * | | | | | |
| MILES, SHERWIN | | | | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 4/16/2008 13:26:14 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |

Comments: Weekly rounds. Requests a phone list and a visit list.

| 4/10/2008 11:49:23 | UNIT C/STA | Personal | Face To Face | MANSFIELD, DAVID L., Correctional Counselor II |
|---|---|---|---|---|

Comments: Offender told cellhouse staff that he wanted to speak with someone because he found out on 4/09 that his grandmother had passed away. He told this counselor that his father had passed away two months ago as well. A volunteer chaplain was in the unit and this counselor asked him to speak with the offender; he said he would do so. Dr. Traylor (Mental Health) was notified as well and she said that she would speak with him.

| 4/9/2008 12:43:44 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
|---|---|---|---|---|

Comments: Weekly rounds. Requests a Commissary Price List and an audit.

| 3/12/2008 14:33:26 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
|---|---|---|---|---|

Comments: Weekly rounds. Requests an audit. Sent to inmate via institutional mail.

| 3/5/2008 14:37:55 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
|---|---|---|---|---|

Comments: Weekly rounds. Requests a Commissary Price list.

| 2/6/2008 14:49:49 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
|---|---|---|---|---|

Comments: Weekly rounds. Requests a Commissary Price List.

| 1/4/2008 14:59:47 | UNIT C/STA | Personal | Face To Face | CANNON, CHRISTOPHER P., Correctional Counselor II |
|---|---|---|---|---|

Comments: Weekly rounds. Inmate requested a Commissary Price List.

| 12/14/2007 13:45:18 | UNIT C/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
|---|---|---|---|---|

Comments: Saw I/M and gave him some envelopes.

| 11/30/2007 10:02:31 | UNIT F/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
|---|---|---|---|---|

Comments: Inmate had no concerns.

| 11/8/2007 15:02:03 | UNIT F/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
|---|---|---|---|---|

Comments: Gave I/M a commissary price list.

| 10/26/2007 15:47:47 | UNIT F/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
|---|---|---|---|---|

Comments: Saw I/M and he said he was missing his eye glasses, pitures and shoe. Told him I will check al property and let him know.

| 10/18/2007 14:06:22 | UNIT F/STA | Personal | Face To Face | BUTKIEWICZ, EDMUND V., Correctional Counselor II |
|---|---|---|---|---|

Comments: Saw I/M gave him some envelopes and money vouchers. Asked about his legal work in the Law Library. told him I will tell the Paralegal.

| 9/19/2007 13:25:42 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: 9-7 rounds, talked about his property grievance

| 8/11/2007 10:46:35 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: 8-9 rounds. needs envelopes

| 8/8/2007 14:42:41 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: book, brotherhood of corruption, delivered to offender, sent in once and lost.

| 7/31/2007 12:24:22 | UNIT D/STA | Collateral | Other | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: audit request

| 7/31/2007 10:09:14 | UNIT D/STA | Collateral | Other | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: forwarded grievance dated 5-14, concerning publication, to g.o.

| 7/13/2007 13:15:07 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: 7-12 rounds, needs envelopes and visit lists

| 6/22/2007 14:20:34 | UNIT D/STA | Collateral | Other | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: answered and returned grievance concerning loss of property from 5-7 shakedown

| 6/9/2007 12:31:18 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: 6-8 rounds, says his visitor is coming today, will pick up paperwork

| 5/9/2007 11:27:35 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: 5-4 rounds, looking for 1 book brought in on visit, sent to offender on 4-27

| 4/14/2007 10:49:12 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
|---|---|---|---|---|

Comments: 4-13 rounds, he needs visit and phone lists and envelopes

**IDOC 000169**

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | Register Number | Current Classification |
|---|---|---|
| REED, GERALD | N32920 | 2-A-M |
| Counselor/Agent Name * | | |
| MILES, SHERWIN | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 3/14/2007 14:12:23 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 3-2 rounds, needs visit card and envelopes. paid for legal mail printout, wants from 1996. these copies only start from 2000. | | | |
| 2/22/2007 10:14:58 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 2-9 rounds, needs envelopes and grievances | | | |
| 1/19/2007 11:48:02 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 1-5 rounds, needs grievances | | | |
| 1/19/2007 08:30:48 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | received response from hcu to grievance dated 10-5-06, forwarded to offender | | | |
| 12/7/2006 10:25:47 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 12-1 rounds, states he is ok today, nothing needed | | | |
| 11/18/2006 13:00:28 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 11-17 rounds, states he is ok today, nothing needed | | | |
| 10/17/2006 14:03:44 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 10-05 lockdown rounds, needs envelopes | | | |
| 9/30/2006 13:34:44 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 9-15 rounds, needs envelopes and visit list. sttes he sent in hcu greivance as emergency, informed him i had not seen it yet. | | | |
| 8/12/2006 10:19:51 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 8-9 rounds, states he wants to move to c house to be with his rappie, rappie has declared him an enemy | | | |
| 7/7/2006 11:19:37 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 7-6 rounds, states he is ok today, nothing needed | | | |
| 6/28/2006 13:29:49 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 6-15 rounds, needs white envelopes | | | |
| 5/9/2006 10:17:56 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 5-4 rounds, wants to check on brother visit | | | |
| 4/24/2006 12:04:59 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 4-12 rounds, needs med records form, envelopes | | | |
| 4/5/2006 11:35:34 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | price list sent | | | |
| 4/3/2006 13:02:53 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 3-30 rounds, needs med records form and phone list, wants to correspond with his brother, gerald, who is here on a writ. request submitted. | | | |
| 3/20/2006 10:21:00 | UNIT D/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: | spoke with offender he stated he was fine. | | | |
| 3/9/2006 11:02:24 | UNIT D/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: | spoke with offender he stated that he was fine and had no request at this time. | | | |
| 2/15/2006 12:28:34 | UNIT D/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: | offender request to visit his brother ███████████ the NRC was denied. | | | |
| 1/5/2006 09:52:54 | UNIT D/STA | Collateral | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: | wrote warden Battaglia inquiring how his brother Herbert Reed, who is on parole could visit him. | | | |
| 12/5/2005 09:23:35 | UNIT D/STA | Personal | Face To Face | MILES, SHERWIN, Correctional Counselor II |
| Comments: | spoke with offender he had no request. | | | |
| 11/10/2005 13:54:29 | UNIT D/STA | Collateral | Other | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | package of legal papers belonging to offender picked up by siovhan lee after visit. | | | |
| 11/3/2005 11:56:22 | UNIT D/STA | Collateral | Other | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | received memo asking if i took care of his grievance, i have no grievance for this offender. | | | |
| 10/12/2005 11:50:10 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 9-19 rounds, states he just got back from seg, nothing needed at this time. | | | |

*Assigned Counselor/Agent and Staff's title is current as of the date of this report, not the date of the counseling summary.

IDOC 000170

State of Illinois
Department of Corrections

## CUMULATIVE COUNSELING SUMMARY

| Inmate/Resident/Release Name | | | Register Number | Current Classification |
|---|---|---|---|---|
| REED, GERALD | | | N32920 | 2-A-M |
| Counselor/Agent Name * | | | | |
| MILES, SHERWIN | | | | |

| Date/Time | Location | Type | Method | Staff/Title * |
|---|---|---|---|---|
| 7/29/2005 08:39:35 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 7-20 rounds, states he is ok, no requests | | | |
| 7/27/2005 14:36:46 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 7-13-05 rounds, can he send the first model of koss headphones out (yes) | | | |
| 7/25/2005 13:57:36 | UNIT D/STA | Personal | Face To Face | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | 7-7-05 rounds, needs env. and visit list | | | |
| 7/21/2005 13:01:25 | UNIT D/STA | Collateral | Other | THOMPSON, MARGARET M., Correctional Counselor II |
| Comments: | reviewed for transfer 7-1-05, life | | | |
| 7/14/2005 11:58:30 | CLINICAL SERVICES-YARD OFFICE/STA | Personal | Face To Face | SCHONAUER, GEORGIA M., Public Service Administrator |
| Comments: | CHAMP program initiated 7-14-05. Previous cumulative counseling summaries have been sent to the offenders master file. | | | |

4/1/2013
DOC 1711 (Rev. 10/86) PC Generated      Page 10 of 10      *Assigned Counselor/Agent and Staff's title is current as of the date of this
report, not the date of the counseling summary.