37777/01245/MHW/PEH

U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GERALD REED, | |
|         Plaintiff, | |
| v. | No. 12 cv 8582 |
| MARCUS HARDY, et al., | |
|         Defendants. | |

### DEFENDANT PHYLLIS TOLLEY, PSY D. , FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant PHYLLIS TOLLEY, PSY. D., by and through her attorneys, Matthew H. Weller and Patrick E. Halliday of CASSIDAY SCHADE LLP, and for her Fed. R. Civ. P. 56 Motion for Summary Judgment, states as follows:

### I. INTRODUCTION

1. The Plaintiff, Gerald Reed (hereinafter referred to as the "Plaintiff"), is an inmate in custody of the Illinois Department of Corrections (hereinafter referred to as the "IDOC"). He has been incarcerated at Stateville Correctional Center since October 1994 in the course of serving a sentence for murder.

2. On or about July 29, 2013, the Plaintiff filed his *pro se* Amended Complaint that is at issue in this matter. (*See* Court Document #51, page 1).

3. The complaint named several IDOC officials, officers and personnel. Phyllis Tolley is only medical defendant named in Plaintiff's *pro se* Amended Complaint. (*See* Court Document #51, pages 2-3).

4. Plaintiff's Amended Complaint, essentially claims that the defendants' were deliberately indifferent by failing to protect him from an assault that occurred on September 17, 2011 at the hands of his assigned cell mate.

5. Dr. Tolley is entitled to summary judgment because the Plaintiff has not established the elements necessary to sustain a claim for deliberate indifference in the Plaintiff's protection and safety under the Eighth and Fourteenth Amendments.

6. Dr. Tolley has affirmatively established adequate mental health care was provided to Plaintiff at all times and that she acted appropriately given the circumstances she was presented with in the care of Gerald Reed. Further, Dr. Tolley had no authority or control over the assignment of inmates to a particular cell within Stateville.

7. Furthermore, the Plaintiff failed to exhaust his administrative remedies against Dr. Tolley prior to bringing his claims against her.

8. Dr. Tolley incorporates her Rule 56.1 Statement of Material Facts and Memorandum in Support of her Rule 56 Motion for Summary Judgment as though fully set forth herein. Said materials demonstrate that Dr. Tolley is entitled to summary judgment and should be dismissed with prejudice from this suit.

## II. ARGUMENT

9. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).

10. In order to establish the liability of a prison official in a failure to protect case, a plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing. *Billman v. Indiana Dep't of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). In failure to protect cases, "[a] prisoner normally proves actual knowledge of impending harm by showing

that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir. 1991). Mere negligence (for example if a prison guard *should* know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. *Daniels v. Williams,* 474 U.S. 327, 332, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986). It is also not sufficient to show that the prison guard merely failed to act reasonably. *Gibbs v. Franklin,* 49 F.3d 1206, 1208 (7th Cir. 1995).

11. Plaintiff has not established *any* element of deliberate indifference in the failure to protect by Dr. Tolley.

13. In this regard, the Plaintiff has failed to show that his cell mate and/or harassment by security was sufficient knowledge of a specific threat against his safety.

14. Additionally, Plaintiff has not established Dr. Tolley performed the requisite act or omission that created the dangerous condition that led to the attack by his fellow cellmate nor did she have a culpable state of mind.

15. Also, the Plaintiff has failed to show Dr. Tolley's treatment of his alleged mental health condition was a substantial departure from accepted professional standards.

16. Ultimately, Plaintiff has failed to establish Dr. Tolley's conduct is causally connected to his alleged injuries. It is well established that Dr. Tolley did not have authority to order a cell reassignment as a mental health professional. She is not involved in the day to day operations of the prison.

17. Finally, Federal law states that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *Pavey*, 544 F.3d at 740.

3

18. Here, the Plaintiff failed to exhaust his administrative remedies against Dr. Tolley because there was never any grievance directed against Dr. Tolley. The only grievance filed was on August 30, 2011, but did not address threats from fellow cellmates that is central to this issue in this litigation.

### III. CONCLUSION

19. As summarized herein and detailed in Dr. Tolley's Rule 56.1 Statement of Material Facts and Memorandum in Support of her Rule 56 Motion for Summary Judgment, Dr. Tolley is entitled to summary judgment and should be dismissed from this suit with prejudice.

WHEREFORE, Defendant, PHYLLIS TOLLEY, PSY. D., respectfully requests that this Court enter an Order granting her Motion for Summary Judgment, dismissing this suit with prejudice against this defendant, and granting any other relief this Court deems just.

CASSIDAY SCHADE LLP

By: s/Patrick E. Halliday
One of the Attorneys for Defendant,
PHYLLIS TOLLEY, PSY D.

Matthew H. Weller/ ARDC No. 6278586
Patrick E. Halliday/ ARDC No. 6281828
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2015, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case:

Brian P. Cummings, Esq.
Illinois Attorney General Office
100 West Randolph Street, 13th Floor
Chicago IL 60601

      and I hereby certify that a true and correct copy of the foregoing document was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in Springfield, Illinois, with proper postage prepaid, on June 29, 2015. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

PRO SE
Gerald Reed
IDOC #N-32920
Stateville Correctional Center
Inmate Mail/Parcels
P.O. Box 112
Joliet IL 60434

                                                  /s/ **Patrick E. Halliday**

8100246 PHALLIDA