UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD REED )
PLAINTIFF )
-vs- ) CASE # 12cv8582
MARCUS HARDY et el ) PRESIDING JUDGE
DEFENDANT ) HONORABLE JAMES B. ZAGEL

FILED
JAN 07 2016 EAG
1-7-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## EX-PARTA COMMUNICATION

NOW COMES GERALD REED PRO-SE asking this Honorable Court, to give relief in this matter, for the following reasons:

1.) Plaintiff have filed the complaint 12c8582 based on the misconduct by staff. And ever since then, staff at Stateville C.C. has deliberately put Plaintiff health and well being along with his life in harm. And fail to adaquately give him the Due process, garentee by the law.

2.) On August 20, 2015. Plaintiff was placed in confinement, preventing Plaintiff from answering to the Defendants and their attorney's litigation matters before this court. Which Plaintiff went to a segregation building and his legal property went to another building. Plaintiff stayed in confinement for 21 days unable to recieve any legal documents.

3.) throughout that confinement, Plaintiff explained before and after that course. He informed staff that he was on medication, that may cause him to test positive of a drug test., and would the (c/o Shaw) call the

1

Health Care Unit. But instead proceeded the process of confinement. (In violation of my due process.)

N.) Plaintiff has request for discovery in this matter. Which the defendant refuse to turn-over valuble information and facts, that will bring forth a colorable claim of misconduct by staff. (See example):

A.) Grievence of conduct of assaults personnally by Mr. Lt. Perry Kirk. And how it is relevent to plaintiff's cause. Plaintiff was assaulted on 9/17/2011: and a witness Branoy Morgan signed a affidavit, stating that he personnally heard Kirk tell another inmate to beat plaintiff up. And after the assault. Staff. on the adjustment committee. Assist in the process of finding plaintiff guilty of a fight. Instead of the true facts that he was assaulted.

B.) Documents of Perry Kirk arrest/and charging instrument. Which also is relevant to this matter. Because doing the course of the assault, plaintiff filed grievence against Perry Kirk. And at the time, he was employed by I.D.O.C./Stateville. This is a genuine issue of fact, that should be given to plaintiff before he can answer defendants summary. And how the issues raised in paragraph A & B. Show's a fact that should be considered. As relevant to the complaint. And if it's not true. Defendant should forward to prove the

2

litigant facts are moot. As they quoted in their summary judge. (Put up or shut up.) to not give up the above, means they shut-up, and assist in the cover-up!

C.) Ever since August 20, 2015, Plaintiff has not had access to the law library nor to his excess legal box in personal property. Ever since his confinement to research and obtain documents that are relevant to his case.

D.) Staff/Administration has placed inmates in the cell with Plaintiff, to cause a problem. These individuals have serious mental health problem. From Sept 9, 2015 til the present date. Inmates have bullied, threaten, and assaulted Plaintiff. At this moment, Plaintiff is in fear of his life. Because he got a inmate name Michael Williams, who always talking about killing someone throughout the day or nite., beating people up, and how he took a extension cord, and tried to strangle a inmate! Every day is scared. then on 1/2/2016. Williams told Plaintiff that he would choke him out, the next time he wake him up!.

E.) Plaintiff has requested through (I.A.) (Placement office, (Warden Tamb), and (I.D.O.C. Director) to get out of this building and cells with these evil peoples. Before someone get killed. Because I'm tired of getting beat up. And I don't want to DIE.

X.) Defendants refuse to give Plaintiff the E-mails Memorandum, or notes with regards to:

1.) Complaints against Perry Kirk from 2010 to 2015

2.) (I.A.) Documents and photo's of Plaintiff assault on 9/17/2011.

3.) Defendant Phyllis Tolley email, personnal report to ADA Johnson about Plaintiff and her notes.

4.) Thompson and Bishop investigative notes and Names of persons who these Defendants talk to with regards of their investigatione observation, and the facts that led them to believe Plaintiff was guilty for fighting instead of a assault.

5.) The Grievence office investigative notes, report and memorandum, of the over-turning of Plaintiff disciplinary action of a fight to expunge Plaintiff ticket.

6.) Warden Coleman, Warden Hardy, and Warden Edwards notes, report, investigatives observation, on the Grievence and complaints of Perry Kirk, from inmates and Plaintiff before he was discharged/or fired.

All the above are genuine issue of facts that are raised in the complaint, that the Plaintiff is intitled to have in discovery to prove his case. And without the document. It would be hard to show this court the consistence misconduct at Stateville. And the deliberate disregard to human life and safty

4

Plaintiff states that the Defendants has forward only a portion of the Discovery. None of which was litigated in paragraph (I.) which dose not change the Plaintiff's answer to Defendants summary judgement motion.

Plaintiff states and ask this Honorable Court to assist in the matter of transferring Plaintiff from this facility. Due to the staff, fail to protect Plaintiff or prehapes putting Plaintiff in the possission of getting hurt. Because he's filing complaints to change what is occurring at Stateville. Plaintiff is dealing with medical problems, with no cure in sight, and Plaintiff can not get any of his legal affairs taken care. Plaintiff request throughout this facility is agnored /or pushed to the side. And /or retaliated for snitching on what's happening the facility.

For example you order Defendants to hand-over Discovery on August 30, 2015. And the Department where I asked for Discovery (I.A) put me in confinement. If that is not Deliberately retaliation, Judge I don't know what is.

Wherefore I wish this Honorable Court grant all such facts and issue within this motion and give relief.

/s/ Gerald Reed

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD REED
PLAINTIFF

vs

MARCUS HARDY, ET, AL
DEFENDANTS

CASE # 12C8582

PRESIDING JUDGE
HONORABLE: JAMES B. ZAGEL

FILED
JAN 07 2016 EAG
1-7-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

NOW COMES GERALD REED PRO-SE FILING THIS MOTION FOR EX-PARTE COMMUNICATION, ENCLOSED WITHIN THIS ON THE DATE OF JANUARY 3, 2016.

TO: THE CLERK OF THE U.S.
219 SOUTH DEARBORN
CHICAGO IL. 60604

THE FOLLOWING WAS PLACE IN THE HANDS OF STATEVILLE STAFF, TO BE PLACED INTO THE U.S. POSTAL OFFICE ON JANUARY 3, 2016.

/s/ GERALD REED #N32920

P.O. BOX 112
JOLIET IL. 60434-0112